MARY A. NACCASH, Plaintiff, *v.* HILDANSID REALTY CORPORATION and Others, Defendants.

Supreme Court, Kings County, July 7, 1931.

*Cortland A. Johnson,* for the plaintiff.

*Matthew Lilling,* for the defendant Louis Bertcher.

*Archibald H. Hurland,* for the receiver.

MAY, J. The action is brought to foreclose a mortgage and an application is now being made to strike out the defenses in the answer as insufficient in law and the counterclaim therein as not reciting facts sufficient to constitute a cause of action. The plaintiff was at one time the owner of a plot of ground which has been designated in the papers for convenience as parcels A, B and C, and for similar reason likewise designated herein. In January, 1925, plaintiff secured a release of parcels A and C from a mortgage covering parcels A, B and C and thereafter erected on parcel A two dwelling houses and on parcel C a six-family apartment house with stores, which latter covered the entire width of the parcel,

leaving no means of ingress or egress to and from parcel A from any public highway, except by passing over the adjoining parcel B. At all the times mentioned in the papers a passageway and a driveway over parcel B were and now are open, continuous and visible and are indispensable and necessary to the use and enjoyment of parcel A. When plaintiff secured the said release from the mortgage on parcels A and C and erected structures on said parcels she was the owner of all three parcels. This unity of ownership continued in her until October, 1925, when she conveyed the entire tract to the defendant Hildansid Realty Corporation, which latter corporation retained ownership thereof until April 2, 1930, when it conveyed parcel A to the defendant Louis Summers, and two weeks later said corporation conveyed parcel B to the said Summers. It is a rule, technically correct, that no person can have an easement in his own land. Ownership confers the full and unrestricted power to make every possible legitimate use of land and it follows necessarily that lesser rights and rights derivative in character are merged in the higher right of ownership. When a dominant and a servient estate become merged in a single owner an easement is extinguished upon the theory of merger. (*Fritz* v. *Tompkins*, 18 Misc. 514, 516; affd., 168 N. Y. 524; *Andrews* v. *Cohen*, 221 id. 148, 153; *Lathrop* v. *Lytle*, 84 Misc. 161, 164.) While plaintiff concedes that the severance of ownership resulting from the conveyance of parcel A to Louis Summers may have " given rise " to a way of necessity in Summers' favor over parcel B, she nevertheless asserts that any easement was extinguished when said Summers became the owner of parcel B and that in any event the mortgage under foreclosure, which was executed some five years prior to the conveyances to Summers could not be affected since at the time of the making of such mortgage there was a unity of ownership in the three parcels. An owner of real estate has complete dominion and control over it " and may, in a great variety of ways, make one portion of the premises subservient to another." No easement exists, technically speaking, while unity of ownership continues, but upon severance of the ownership benefits conferred and burdens imposed spring into life and, if visible and open, become binding and effective. The rule is reciprocal and binding alike on grantor and grantee. (*Lampman* v. *Milks*, 21 N. Y. 505, 506, 507.) And upon a sale of land the owner impliedly grants to the grantee all open, apparent and visible easements which are necessary to the reasonable enjoyment of the property conveyed and which were, in fact, used by the owner of the entire tract for the benefit of the part so conveyed. (*Paine* v. *Chandler*, 134 N. Y. 385, 387; *Outerbridge* v. *Phelps*, 58 How. Pr.

77, 86.) It is probable that when plaintiff, being the owner of the entire tract, erected the structures on parcels A and C, it was her intention to and she did thereby create an easement in the nature of a way of necessity over parcel B in favor of parcel A. This easement, dormant during unity of ownership, would spring into active life upon a severance of that ownership. It is true that the execution of the mortgage by Hildansid Realty Corporation, covering parcel B, did not effect a severance in the ownership of that corporation. The mortgage did not change the latter's title. The mortgagee had no legal estate in parcel B by reason of the mortgage (*Barson* v. *Mulligan*, 191 N. Y. 306, 315; *Sexton* v. *Breese*, 135 id. 387, 390); but upon a sale in the pending foreclosure of the mortgage upon parcel B the transaction will relate back to the date of the mortgage and the purchaser will take all the right, title and interest of the mortgagor and the mortgagee at that date. (*Batterman* v. *Albright*, 122 N. Y. 484, 489; *Rector, etc.,* v. *Mack*, 93 id. 488, 492; *Caccia* v. *Brooklyn Union El. Ry. Co.*, 98 App. Div. 294, 297.) The purchaser at the foreclosure sale will, therefore, be in precisely the same situation as if Hildansid Realty Corporation, instead of mortgaging parcel B, had conveyed that parcel to such purchaser in 1925. If such a conveyance of parcel B, the servient estate, had been so made, the conveyance would have effected a severance in the ownership of Hildansid Realty Corporation and the easement or way of necessity in favor of parcel A over parcel B, which was created by plaintiff and which was dormant during the unity of ownership, would have been revived in favor of the grantor, Hildansid Realty Corporation. (*Fritz* v. *Tompkins, supra.*) The courts have recognized such an exception where the easement or servitude is, as in this case, an open, visible and continuous one and based upon actual necessity. In such a case a reservation in favor of the grantor is implied. As was said by the Court of Appeals in *Fritz* v. *Tompkins* (*supra*): " The same rule which allows a grantee a right of way by necessity applies if the grantor retains the dominant estate and grants a servient without securing the right of way by appropriate provision in the latter conveyance." Motion denied.