Francis W. Baxendale et al., Respondents, v. Property Owners Association of North Shore Acres, Inc., et al., Appellants, and Edwin J. Krizek, Respondent.— Action for a judgment declaring that restrictive covenants affecting a certain lot owned by plaintiffs do not prevent the construction thereon of a public road. The covenants provide that such property shall be known and described as a residential plot and restrict the character and use of buildings to be erected thereon. It is further provided therein that no noxious or offensive trade shall be carried on thereon, nor shall anything be done thereon which may be or become an annoyance or nuisance of the neighborhood. Judgment in favor of plaintiffs, entered upon a stipulation as to the facts, affirmed, with costs. Plaintiffs have the right to use their property for any lawful purpose, and to decide for themselves how many persons shall be permitted to use it

for such purpose, except insofar as the use of the property may be restricted by the covenants invoked. (*Drabinsky* v. *Seagate Assn.*, 239 N. Y. 321.) We find nothing in the covenants which purports to prevent the construction, on plaintiffs' property, of a road, to be used by plaintiffs' invitees or grantees, as a means of ingress to or egress from adjacent property, or by the public, for similar purposes. The road to be constructed will not be a building, within the meaning of the language employed in restricting the use of the property, nor will plaintiffs' grant of the use of the road violate the covenant against offensive trades. Neither may it be determined, on the stipulated facts, that such use will constitute an "annoyance or nuisance of the neighborhood." (Cf. *Mairs* v. *Stevens*, 268 App. Div. 922.) We do not pass upon the propriety of the provisions of the third ordering paragraph of the judgment appealed from, for the reason that appellants have made no contention with respect thereto. Nolan, P. J., Wenzel and MacCrate, JJ., concur; Murphy, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum in which Beldock, J., concurs: Plaintiffs live in a house on a seven acre parcel which abuts a high class private development of eighty-five homes known as "North Shore Acres" at Glen Head, Long Island. In 1950, plaintiffs purchased a lot in the development and proceeded to build a road thereon for private use. Thereafter the defendant Property Owners Association of North Shore Acres, Inc., learned that the plaintiffs planned to rebuild the private road into a public road. The plaintiffs were informed that while they had no serious objection to a private way they would strenuously oppose the establishment of a public road across the aforesaid lot as it would violate the restrictive covenants contained in all deeds to parcels in the North Shore Acres development. These restrictive covenants provide that "All plots be known and described as residential plots", that "No buildings of any kind shall be hereafter erected upon premises except one detached single dwelling", that "No building shall be erected on any residential building plot nearer than thirty (30) feet from the front line" and that nothing shall "be done thereon which may be or become an annoyance or nuisance of the neighborhood." Reading these covenants together, their spirit, intent and context clearly prohibit the use of plaintiffs' lot in North Shore Acres for a public highway. Any other interpretation, in our opinion, would defeat the basic purpose and intent of the restrictive covenants.