George FáNelli, J.
In this action for a permanent injunction, plaintiffs seek to restrain defendants from constructing certain roads over property owned by defendants, Weiss and Marx, upon the ground that such proposed construction would violate certain restrictive covenants which are alleged to affect both properties.
The properties owned by plaintiffs and said defendants are located in a highly residential subdivision known as “ Westerleigh ”, in the Town of Harrison. The evidence indicates that these properties are in a colony of quiet dignity and large, expensive and imposing mansions. Defendant Kaufman (hereinafter referred to as “ Kaufman ”) is the owner of a parcel of some 53 acres of land which is contiguous and to the south of the lands of the defendants Weiss and Marx (hereinafter referred to as “ Weiss” and “Marx”), but which said 53 acres concededly do not form a part of the said “ Westerleigh ” subdivision and are not governed by the restrictive covenants hereinafter mentioned. For approximately 14 years, Kaufman has used his property principally as a farm for the raising of livestock and also as his private residence.
The record indicates that the said “ Westerleigh ” tract was originally owned and later subdivided by the Westerleigh Corporation. In 1940, the Weiss property (which abuts Westerleigh and Sylvanleigh Roads — both public roads) was conveyed by said Westerleigh Corporation to one Howe, who in 1929 conveyed the property to Kaufman. However, in 1950 Kaufman conveyed the property to Weiss, and while this deed was made subject to the restrictive covenants hereinafter set forth, yet, Kaufman as grantor reserved and was given by Weiss simultaneously therewith a perpetual 30-foot easement and right of way over the most easterly portion of this property for ingress and egress to his contiguous property located to the south.
With respect to the Marx property (which also abuts Sylvanleigh Road) the record discloses that same was conveyed in 1943 by the Westerleigh Corporation to one Ley, who thereafter in 1954 conveyed the property to one Feder. In 1955 Feder conveyed to Marx and, simultaneously with said con *749 veyahee Mars, as the new owner, entered into an agreement with Kaufman, his neighbor to the south, wherein the latter was given a similar easement or right of way over a strip of land 50 feet in width and also along the most easterly portion of this property. Thus, as a result of the afore-mentioned, Kaufman has two easements over the lands of his neighbors, Weiss and Mars, the use of which plaintiffs seek to enjoin in this action. Both easements run with the land and enure to the benefit of Kaufman’s heirs, legal representatives and assigns.
Principally, plaintiffs point to the following restrictive covenants found in the chains of title to the Weiss and Marx properties as prohibitive of any use by Kaufman of the aforementioned easements:
(1) “ The real property herein conveyed shall be utilized only for a private residence for one family * * * nor for any purpose other than a private residence for one family”. (Howe deed.)
(2) “ That every plot conveyed by it will have an area of not less than three acres and will be restricted to use as a private residence for one family”. (Howe deed.)
(3) “ The Grantor and Grantee covenant and agree that neither will sell any portion of either the premises herein granted or the entire tract containing less than three acres, and no parcel either of the premises herein granted or the entire tract shall now or hereafter contain less than' three acres, and no such three acre parcel shall have more than one private dwelling house with its appurtenances erected or maintained thereon.” (Ley deed.)
(4) “ The premises herein granted and the entire tract shall be used solely for private one family residences * * * nor for any purpose other than as private one family residences * * (Ley deed.)
Plaintiffs charge that the afore-mentioned restrictions were imposed as a part of a common scheme to the extent that these properties were to be used solely and only for private one-family residences containing not less than three acres and for nothing else. They take the position that the use of any part of the premises for road or street purposes would be a use for purposes ‘‘ other than residential ’ ’; that the entire plot must be used exclusively for residential purposes; that the meaning of the restrictive covenants is clear; and that the use of the property for any activity not related to a residence constructed on the Weiss and Marx properties is prohibited. Moreover, while both sides concede that for the present the Weiss and *750 Marx properties do each, contain slightly more than three aeres, plaintiffs urge that if the easement strips are deleted (in which event each property would become slightly less than three acres) then the remaining area of each parcel will do violence to the provisions relating to the use of the properties for private one-family residences on plots of not less than three acres.
Needless to say, Kaufman takes issue with plaintiffs with respect to the said contentions, and he justifies his present desire to use these easements because of the fact that his present access to a public road (Westchester Avenue) has been impaired and interrupted by the New York State’s construction of the Cross-Westchester Thruway and that there is a threatened total obstruction of this access by a possible condemnation of the portion of his property which abuts Westchester Avenue. Irrespective of this alleged necessity and possibility, it is Kaufman’s position that this use for the purposes intended is his as a matter of right and his brief indicates that if he is successful in this action, he will promptly clear and surface the Weiss easement strip so as to permit immediate use thereof.
It has been said that probably in no single subject of the law is there found a greater divergence of opinion among the courts of the several States than on the nature, extent and construction of covenants restricting building and the use of land (see 26 C. J. S., Deeds, § 162[1]). Counsel recognize the general principles of law applicable to a situation such as here presented but differ upon the application of these principles to the particular words and phrases contained in the covenants now under scrutiny. For example, while the law is settled in this State that a covenant restricting the use of land is to be construed strictly against the grantor who imposed it and that where such a covenant is reasonably capable of two constructions, the construction which limits the restriction, rather than the one which extends it, should be adopted (Single v. Whitmore, 307 N. Y. 575; Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507), nevertheless, it is equally well settled that our courts will not look for ways to defeat covenants merely by adhering to such principles; that such rule will not be applied to defeat the obvious purpose of the restriction or the obvious intention of the parties; and that where the construction is plain and admits of no doubt, the courts will honor and enforce the covenant (26 C. J. S., Deeds, § 163 et seq.).
Thus, it is quite clear that in the resolution of the present controversy this court must first pass upon the proper construction to be placed upon the afore-mentioned restrictive covenants insofar as they refer to the use of the Weiss and *751 Marx properties. The court is primarily concerned with key phrases, snch as “ only for a private residence for one family ”, “ nor for any purpose other than a private residence for one family”, “use as a private residence for one family”, “no such three acre parcel shall have more than one private dwelling' house ”, “ solely for private one family residence ’ ’, and ‘ ‘ other than as a private one family residence ’ •
No useful purpose would he served to discuss the evidence. Suffice to say that the court has given careful consideration to the entire evidence and the law, and has arrived at the conclusion that the circumstances are favorable to plaintiffs and that the weight of the evidence adduced in the light of the applicable law sustains their position. A reading of the subject covenants individually or collectively leads this court to the inescapable conclusion.that they were enacted for the sole purpose of maintaining and preserving the highly residential character of all the properties located in the Westerleigh development even to the extent of forbidding the construction of the roads now contemplated by Kaufman. The intent here expressed is crystal clear. The broad and all-inclusive language of the restrictive covenants now under consideration compels a rejection of the views advanced by Kaufman. There can be no question but that these covenants are clear, comprehensive, exacting, unambiguous and sharply defined and mean precisely what they say and must be given their ordinary and manifest meaning. These covenants meaning just what they say forbid the use of any portions of the Weiss and Marx properties for any use other than residential in connection with a one-family dwelling. Indeed, it is difficult to imagine what language the original grantor (Westerleigh Corporation) could have used to more minutely and with more precision express its intention to make the restrictions more onerous so as to insure a conservative, restricted, residential development for the mutual protection of the owners of property in this tract. Phrases, such as “ only for a private residence for one family”, “ nor for any purpose other than as a private residence for one family”, and “ solely for private one family residence” (emphasis supplied) are clear and unmistakable and present no problem of ambiguity or doubt. They are synonymous with “nothing else ” and as such, speak with finality, are not reasonably capable of more than one construction. They call for one — and only one — interpretation. Reading these covenants together, their spirit, intent and context clearly prohibit the use of portions of the Weiss and Marx properties for road purposes as contemplated by Kaufman. Any other interpretation *752 would defeat the basic purpose and intent of the restrictive covenants, particularly hearing in mind that such roads are not sought by nor are they intended to provide a benefit to Weiss or Marx or to facilitate the better enjoyment by them of their respective homes. To sustain defendant’s position would require straining and a construction not in keeping with the spirit and purpose sought to be accomplished by the original grantor and could, if carried out in the manner feared by plaintiffs, destroy the exclusive and isolated residential colony created in the Westerleigh tract.
Defendant is frank to admit in his brief that he intends to presently construct a road through the Weiss property for his own personal accommodation and, while he disclaims any intention to subdivide his 53-acre parcel in the future and thus use the roads over both parcels as a service to any such subdivision, nonetheless, if the complaint here were dismissed and the injunction denied, he would then as a matter of right have the clear legal power and unobstructed privilege to construct a modern macadam or concrete road 30 feet wide leading from Westerleigh and Sylvanleigh Roads extending over the Weiss property for a few hundred feet and into his land and another road 50 feet wide running from Sylvanleigh Road over the Marx property for another distance of a few hundred feet to his said property (including the right “to install water, gas, sewer, telephone and light lines ”). These roads would then afford the public at large a means of ingress and egress to Kaufman’s property lying outside the Westerleigh tract and could be put into service as an incident and thoroughfare to a possible development which Kaufman might create on his adjacent land which is unrestricted and unincumbered by any of the afore-inentioned restrictions. Certainly, it could not then realistically be said that such roads were incidental, or an adjunct to, or served for the better enjoyment by Weiss and Marx of their respective residential homes.
This court is of the opinion that such a result was never intended or even envisioned by the original grantor (Westerleigh Corporation) when it subdivided the Westerleigh tract and in so doing imposed the instant restrictive covenants.
Plaintiffs are deeply concerned, and while it may well be that their apprehensions that Kaufman intends to subdivide his property and that eventually the proposed access roads will become public roads are not factually sustained by the present record, such an ultimate result is not beyond the realm of possibility and same could not be defeated were plaintiffs denied the relief sought in this action.
*753 The case of Baxendale v. Property Owners Assn. (138 N. Y. S. 2d, 76, affd. 285 App. Div. 1148, affd. 309 N. Y. 871) upon which Kaufman heavily relies, is clearly distinguishable. There, a reading of the records on appeal and the opinions of Special Term and the majority of the Appellate Division indicates that the courts were concerned primarily with a restriction forbidding the erection of a building of any kind excepting a one-family detached single dwelling. The courts were concerned with the type and character of building, if erected, rather than the use to be made of the property. The Appellate Division by a divided court held that a road was not a building within the meaning of the language employed in the restriction and that in the absence of a clear restriction against such use, the plaintiffs in that action were free to use a certain restricted lot as a means of ingress and egress to their adjoining land. While the covenant there under consideration provided that all lots in said subdivision were to be residential plots, still, the decisions of the courts dealt solely with the type of building construction which was to be permitted upon the premises. In the case at bar, however, the subject convenants clearly and unmistakably restrict the use of the Weiss property “ only for a private residence for one family * * * nor for any purpose other than a private residence for one family” and the Marx property “ solely for private one family residence * * * nor for any purpose other than as private one family residences ”. Kaufman’s proposed use of these roads is quite obviously not in keeping with the afore-mentioned, and, consequently, the determination made by this court herein is not contrary to the decision in the Baxendale case {supra).
In the light of the afore-mentioned the court finds it unnecessary to reach or pass upon the remaining points urged by plaintiffs except to note that, while the easements acquired by Kaufman may not constitute an interest or part of the fee ownership in the Weiss and Marx properties to the extent of reducing their quantitative acreage, nevertheless, as a practical matter, were those roads to be constructed and used as aforementioned, it would be Kaufman and not Weiss or Marx who would exercise dominion and control over the areas included in these roads. Under such circumstances, it could hardly be said that at least three acres were being devoted by these owners in connection with their use of the respective premises for one-family residences.
Accordingly, plaintiffs are entitled to a judgment for the relief demanded in the complaint, but without costs, and the counterclaims interposed by defendant Kaufman against plain *754 tiffs are dismissed. Defendant’s motion to strike out the Condon deed, npon which the decision was reserved, is now granted.
The foregoing constitutes the decision of this court in accordance with the provisions of section 440 of the Civil Practice Act. All exhibits may be obtained from the clerk at Special Term, Part II.
Settle judgment on notice to all parties including defaulting defendants, Weiss and Marx.