William B. Lawless, J.
Plaintiff on behalf of himself and others similarly situated, sues defendants for an injunction restraining defendants from conducting an automobile repair garage on defendant’s rear premises. The parties are owners of real property situate on the southerly side of Baker Street-Extension, Town of Busti, County of Chautauqua, New York. All the parties acquired their titles through a common grantor. The neighborhood in question concerns an attractive residential area overlooking Chautauqua Lake. The area originally was a farm owned in common by J. Harry, George and Carl Seiberg. Sometime in 1946, the Seibergs began to develop the acreage as building lots. Various conveyances were made, nine without restrictions of any kind, and four required that: (1) a portion of the premises be used for residential purposes, (2) prohibited the construction of a residence costing less than $5,000, and (3) required a 25-foot setback from Baker Street. The conveyance to the plaintiff Joseph G. Mclnerney and Virginia Mclnerney, his wife, is typical of those embracing said restrictions. The deed into the Mclnerneys first-described premises is 200 feet by 150 feet immediately south of Baker Street. The deed, after providing a metes and bounds description of this portion of the conveyance, recited: ‘ ‘ it is understood that the foregoing premises are to be used for residential purposes; that no residence costing less than $5,000 shall be built upon said premises and that no building shall be built within 25 feet of the southerly line of Baker St.” (Emphasis supplied.)
The deed then went on to convey additional described premises located contiguously to the south of the land above described. *304 However, the deed did not on its face restrict the southerly half of the conveyance upon which defendant is admittedly painting and repairing motor vehicles.
On the trial plaintiff offered testimony that Carl A. Seiberg assured the plaintiff and several other prospective purchasers that all lots would be sold for residential purposes. The proof indicated that Mr. Seiberg desired to maintain the value of the balance of his own property and he sought to attract purchasers by assuring some of them that all the lots sold would be restricted to residential uses. Mr. Seiberg had the tract surveyed, staked out the lots, made oral representations as indicated, but when the deeds were ultimately delivered four deeds included restrictions and nine deeds omitted them. Mr. Seiberg failed to include the restrictions in the southerly half of the premises conveyed to defendants.
The defendants admit that in July of 1961 they began the construction of a concrete block garage for the purposes of using it commercially to repair, recondition and paint automobiles. This garage, however, was built upon the unrestricted rear parcel of the land owned by the defendants Sturgis. The garage is situate to the rear of the residences of the parties. The defendants admit that the garage was completed in the late Fall of 1961 and it is admitted that the defendant Earl R. Sturgis has, since the month of January, 1962 engaged in the repair of automobiles in the garage upon the unrestricted portion of his premises.
I.
It is fundamental that restrictive covenants must be strictly construed against those seeking to enforce them. In describing the second parcel of land conveyed to the defendants, the deed recites no restrictions. (See Premium Point Park Assn. v. Polar Bar, 282 App. Div. 735 [1953]; Topol v. Smoleroff Development Corp., 264 App. Div. 164 [1942].) We find that the restrictive covenants set forth in 4 of 13 of the conveyances originally made by Seiberg do not constitute a common plan or scheme of development with respect to the southerly half of the premises in question. Seiberg testified that every deed in the tract contained the same restrictive provisions. If this were true, which the records show it is not, then plaintiffs would be entitled to the relief which they seek. Mr. Seiberg was honestly mistaken. See Davidson v. Dunham (159 App. Div. 207) wherein the court refused to recognize a uniform plan for a subdivision where 208 of 253 lots had similar restrictions.
*305 II.
On the trial, defendant Earl R. Sturgis testified that it is not possible to gain access to the garage building on the unrestricted southerly half of his land without crossing the entire 200 feet of his restricted Baker 'Street frontage. Various photographs introduced in evidence clearly show that it has been defendant’s practice to drive across and park vehicles upon the northerly portion of the Sturgis tract while they were being repaired or painted. This use is clearly prohibited by the restrictions as a business use.
While a garage is incidental to reasonable use of property for residential purposes (Sullivan v. Sprung, 170 App. Div. 237 [1915]) a garage used for the carrying on of a garage business as in the instant case cannot be regarded as a reasonable use under the circumstances. A restriction must be construed reasonably so as to prohibit uses which will offend people generally and which will thus render the neighborhood undesirable as a place of residence (1 Rasch, New York Law and Practice of Real Property, p. 517; Rowland v. Miller, 139 N. Y. 93 [1893]; Dieterlen v. Miller, 114 App. Div. 40 [1906]). Where a restrictive convenant still has substantial value to the dominant property, the court will restrain its violation. (Hungerford v. Ocean Gardens, 283 App. Div. 797, affd. 308 N. Y. 765.) Driving commercial vehicles across the restricted property for commercial purposes is clearly a violation of the covenants contained in the deeds and it will be restrained.
The question immediately arises as to whether an easement can be obtained over the restricted property, to serve the property to the rear which may not contain any prohibitions as to its use. This is not possible in the instant case since defendant Sturgis owns both of the lots and no person can acquire an easement over his own land. (2 Warren’s Weed, New York Real Property, p. 123; Parsons v. Johnson, 68 N. Y. 62 [1877]; Naccash v. Hildansid Realty Corp., 140 Misc. 730.) The defendant is not being deprived of the reasonable use of his land to the rear by being prohibited from using the front lot as a means of access. An easement will be implied and passed as an appurtenance only when necessary to a reasonable use and enjoyment of the estate conveyed. Mere convenience is not sufficient either to create or to convey such easement. (Morrow v. Gerber, 207 Misc. 597; Paine v. Chandler, 134 N. Y. 385 [1892]; Heyman v. Biggs, 223 N. Y. 118 [1918].)
Generally speaking, the maintenance, use or grant of a right of way across property restricted in its use is a violation of *306 the restriction if such maintenance, use or grant seems to be inconsistent with the parties’ intention in creating or agreeing to the restriction and with the object sought to be thereby accomplished, while if it does not interfere with the carrying out of the parties’ intentions and the purpose of the restriction, it will not be held to be a violation. The maintenance, use or grant of a right of way across property whose use is restricted to residential purposes violates a covenant imposing such restriction where the right of way is to be used as an incident to a use other than for residential purposes. Thus, restricted property is not to be put into service as an incident to a forbidden business or commercial enterprise even though such business or enterprise is situated on adjacent or restricted land.
“It was held in Seymour v. McDonald (1847, N. Y.) 4 Sandf Ch. 502, that one holding a rural building lot bounding on a river under a deed by which he covenanted that he would not use the lot in a way, or for any business, that might in any manner be offensive to the neighboring inhabitants or the occupants of the adjoining property, or detrimental or injurious in any way to the adjoining property, or that would lessen its value, and that he would not use it as a quarry, but would erect thereon a substantial dwelling house, and occupy the same as a dwelling house, violated such covenant by leasing to a third party the privilege of laying down a railway or passageway for teams on the lot, extending from the highway to the river, together with the privilege of building a dock or wharf on the front of the lot for the purpose of transporting stone from a quarry situated at some distance back of the lot.
‘ ‘ And where, pursuant to a plan to make a certain block which fronted on a lake a strictly residential district, a lot is conveyed with a provision that it shall be used for residence purposes only, it was held in Klapproth v. Grininger (1925) 162 Minn. 488, 203 NW 418, 39 ALE 1080, that the granting of a right of way across it to occupants of lands outside the block to enable them, their families, and invited guests to go to the lake and enjoy it, is a violation of the restriction.” (Ann. 25 A. L. R 2d 907.) (See Restrictive Covenants — Ways, Ann. A. L. R. 2d 906, 911; Flynn v. New York, Westchester & Boston Ry. Co., 218 N. Y. 140 [1916].)
We are impressed by the reasoning of the court in a recent Ohio case, Bove v. Giebel (169 Ohio St. 325) which enunciates an equitable rule to be applied to cases of the instant kind, to wit:
Owners of subdivision lots restricted to residential use may use such lots for ingress and egress from their adjoining land *307 outside the subdivision, if they impose on the outside land the same restrictions which apply to the subdivision lots.
Defendants could not acquire an easement of necessity against themselves, especially where they created the problem of ingress and egress by constructing the garage when they knew that the only method of accessibility lay over lands restricted to residential purposes. A person cannot acquire an easement over his own property. (See Simmons v. Cloonan, 81 N. Y. 558.)
Plaintiff’s application for an injunction to restrain defendants from using the concrete block garage on the southerly half of the portions is denied for the reason that there is no covenant restricting the southerly portion to residential purposes. Plaintiff’s application for injunction to restrain defendants from using the northerly portion of premises as a means of access for commercial traffic to the southerly lot is granted.
On the trial of this case, the court reserved decision with respect to testimony offered to establish that the Seiberg tract was developed pursuant to a design to carry out a general scheme or subdivision plan. In deciding the case, the court concluded that the testimony was properly admissible under the holding of Hoffmann v. Hoffmann (172 Misc. 378, affd. 259 App. Div. 820 [1939]). However, the court believes that the testimony presented is inadequate to establish a subdivision within the meaning of Korn v. Campbell (192 N. Y. 490 [1908]). This is true because 9 of the 13 conveyances failed to include uniform covenants restricting the use to residential purposes. In this case, we find that there is not a mutuality of covenant and consideration which binds those grantees who accepted their conveyances without restriction.
Enter judgment in accordance with this memorandum with a bill of costs in favor of the plaintiff.