R. R. IMPROVEMENT ASSOCIATION *v.* THOMAS.

1. APPEAL AND ERROR—CHANCERY CASES—RECORD.
   Suits at chancery should be so tried in the lower court that when appealed, the Supreme Court may finally dispose of the issue raised by the pleadings.

2. SAME—PLEADINGS—ADMISSIONS.
   The Supreme Court is obliged to accept as true allegations of fact in a counter-complaint, that are admitted.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 50, 51.
[2] 5 Am Jur 2d, Appeal and Error § 711.
[3, 4] 14 Am Jur, Covenants, Conditions and Restrictions § 255.
   Maintenance, use, or grant of right-of-way over restricted property as violation of restrictive covenant.    25 ALR2d 904.
[5] 14 Am Jur, Covenants, Conditions and Restrictions § 292.
[6] 17 Am Jur, Easements § 125.

3. COVENANTS — RESIDENCE — HIGHWAYS AND STREETS — ADJOINING LAND.

Owners of a lot in a subdivision restricted to use for residence purposes only may use such lot as a means of ingress to and egress from adjoining land they own outside of the subdivision if they impose upon such outside land the same restrictions that are applicable to lots within the subdivision provided the other subdivision lot owners are not adversely affected, a new traffic burden or maintenance problem will not be cast on a subdivision's private roadway, and the aesthetic, or otherwise, restriction-assured enjoyment of home ownership in the subdivision is not impaired.

4. SAME—RESIDENCE—RIGHT-OF-WAY TO ADJOINING LAND.

Whether or not relief to owners of a lot in a subdivision restricted to use for residence purposes who are desirous of using a portion of it as a means of ingress to and egress from adjoining land they own outside of the subdivision would be dependent upon whether the grant of relief would harm other owners of lots in the subdivision.

5. SAME—RESIDENCE—APPROVAL OF PLANS—ARBITRATION.

Subdivision lot owners whose property is restricted to use for residence purposes and who are desirous of using some of it as a means of ingress to and egress from adjoining property they own would not be entitled to such proposed use, until it had been denied arbitrarily by subdivision proprietor or subsequently formed lot owners' protective association, where covenants provide for arbitration of approval of plans and specifications, building locations or grade or fence plans, whether or not the disagreement with respect thereto was arbitrary being determined by the trial court as arbitrator on remand.

6. SAME—CONSTRUCTION OF RESERVATION—RIGHT-OF-WAY.

The reservation by plattors of right-of-way to adjoining property to interior roadways leading thereto in the subdivision restricted to residence purposes by conveyances of permanent rights-of-way over lots owned by the grantor does not reserve to subsequently formed lot owners' association the power to grant anyone a right-of-way over lots sold which are not specifically included within the reservation.

Appeal from Oakland; Beer (William John), J. Submitted November 5, 1964. (Calendar No. 54, Docket No. 50,620.) Decided January 4, 1965.

Complaint by R.R. Improvement Association, a Michigan corporation, and others, against Helen J. Thomas, individually and as guardian of her minor children, and against the Township of Bloomfield, a body politic, to restrain platting of land and issuance of building permits. Counter-claim by defendant Thomas against plaintiffs and against Brookside Hills Protective Association, a Michigan corporation, and various individuals, to restrain interference with use of a portion of her property as a roadway, and to restrain interference with development of her remaining properties. Motion by defendant Brookside Hills Protective Association and others for summary judgment. Amended counter-complaint dismissed and defendant Helen J. Thomas permanently enjoined from use of lands for private drive serving other properties. Defendant Thomas appeals. Reversed and remanded.

*Maurice A. Merritt,* for defendant Thomas.

*Howlett, Hartman & Beier (Dean G. Beier,* of counsel), for counter-defendants Brookside Hills Protective Association and various individuals.

Black, J. On too many occasions in recent years this Court has found it necessary to remand equity cases for a reason known specially to equity's jurisdiction. See *Sternberg* v. *Baxter,* 373 Mich 8, 18; *Falkner* v. *Brookfield,* 368 Mich 17, 25; *Kent* v. *Bell,* 368 Mich 443, 451; *Kenney* v. *Village of Novi,* 367 Mich 75, 76, 77, and *Crocker* v. *Crocker,* 362 Mich 6, 8, all of which quote or cite *Culy* v. *Upham,* 135 Mich 131 (106 Am St Rep 388). In *Culy* v. *Upham* this regularly quoted passage appears (p 135):

"We do not wish, by our silence, to seem to approve the procedure adopted in this case. If we had

disagreed with the trial judge on the legal proposition discussed in this opinion, we could not have made a final disposition of the case. We should have been forced to remand the record for another hearing in the court below. As a general rule, suits at chancery should be so tried in the lower court that, when they are appealed, this Court may finally dispose of the issue raised by the pleadings."

This chancery case was not thus tried. It was tried upon pleadings and exhibits, motions for summary judgment, view of the subject premises by the trial judge, and argumentative statements of fact by counsel. No opinion of the trial judge, or findings of fact by him, were filed. The judge merely said "I feel that the motion [for summary judgment] is well taken and I grant the motion." The result was a decretal judgment permanently enjoining appellant from using the west 70 feet of lot 15, of the residentially restricted subdivision we shall describe, for the purpose sought below by her. She appeals.

Oakland county's Brookside Hills Subdivision makes up an estate type of highly restricted residential property. The lots in the subdivision are unusually large. Some of the winding roadways as platted, South Hills road included, lead into dead ends. The complete plat, approved and recorded in 1924, dedicated all roadways as platted "to the owners of lots in said subdivision." The recorded restrictions brought to scrutiny by appellees' motion for summary judgment include clause (b). Additional clauses (4) and (5), upon which clauses appellees also rely, will be considered in division "Second" *infra*. Clause (b) reads:

"(b) That each lot and buildings thereon shall be used only for strictly private residence purposes, and no building shall be moved onto any lot or lots in said plat."

Appellant Thomas, individually and as guardian of the estates of her two minor children, owns the west 70 feet of lot 15 of the subvidision; also a much larger tract adjoining lot 15 on the south. Lot 15 extends 397.54 feet east-west along the south side of slightly curving South Hills road. Its south boundary, which at the specific point is also one of the two south boundaries of the plat, measures due east-west 373.18 feet. The mentioned tract is not a part of the subdivision and is known as parcel 3.

The following is a sketch of the portion of the Brookside Hills Subdivision west of the Section line of Section 16, south of South Hills Rd., east of Brookside Drive; and north of W. Long Lake Rd. Parcels 2,3,4,5,6,7,and 8 are not in Brookside Hills Subdivision.

Exhibit #2

Appellant desires to utilize parcel 3 for residential purposes and, to gain ingress and egress between parcel 3 and South Hills road as platted, proposes to grade and maintain a connecting roadway over the 70-foot strip. Exhibit 2, a sketch not drawn to scale, appears in the margin. It depicts the location and relation of the respective lots and parcels. The "lots" designated in exhibit 2 are in the subdivision. The "parcels" are not. Exhibit 2 includes but a small part of the subdivision.

In her amended pleading (styled counter complaint) appellant alleges:

"2.

"That the defendant Thomas has on several occasions, the last occasion being during the month of June, 1963, requested the said Brookside Hills Protective Association and some owners of land in Brookside Hills Subdivision to permit her, without intervention of this court, to use the west 70 feet of said lot No. 15 of Brookside Hills Subdivision for ingress and egress to the lands of these minor children, known as parcel 3 of the said Gnau unrecorded plat area, and which land abuts said lot 15 on the south. That such request has always been coupled with the offer to impose on said adjoining land the same restrictions upon the use thereof that apply to the lots lying within the said subdivision. This request has always been rebuffed."

To such allegation appellees pleaded:

"2.

"Answering paragraph 2 of the amended counter complaint, these counter-defendants admit the allegations therein set forth and in further answer say that the defendant's offer as a practical matter is a nullity, that her offer cannot be actually accomplished and that the allegations set forth in said paragraph are immaterial."

Appellant alleges that there is no other way, except by expensive bridging or similar crossing of the Rouge valley, to connect parcel 3 with an outlet.* Appellees deny such allegation. That issue remains unsettled. So much for facts thus far disclosed.

*First:* An important question of property law is presented. Both counsel have briefed it with diligence and manifest understanding that whatever we say of it will affect more—much more—than this Brookside Hills controversy. The issue is bound to recur, regularly, as like residential restrictions are correspondingly tested by outlet-inlet demands. Such being the case we have decided to treat the point now, so far as that may safely be done in the absence of desirable proof and findings. Thus we may eliminate another appeal after proceedings on remand are completed.

Appellant states the question this way:

"In a subdivision, restricted for residence purposes, is the use of a portion of a lot therein for ingress to and egress from abutting land outside the subdivision, violative of such restriction of use?"

The question both counsel would have us decide is broader than that. It adds up to this: Considering a subdivision thus dedicated and restricted, where the owner of such lot-portion offers to impose upon abutting property (likewise owned by him) the same residential restrictions as are applicable to lots within the subdivision, may he utilize the aforesaid portion to connect such abutting property with one of the roadways of the subdivision without violating the residential restrictions? The answer,

---

* Appellant also owns parcel 4. The south boundary of parcel 4 is West Long Lake road. The northerly boundary is parcel 3. See exhibit 2. Appellant says, in her brief:

"The cost of constructing a roadway, lane or driveway from West Long Lake road, northerly, across parcels 4, 5, 6 or 7, and then over the said Rouge tributary, exceeds the fair market value of parcels 3, 4, 5, and 7."

given now prior to the taking of testimony, will not, as we shall see, decide the case. It will however assist due disposition thereof.

There is a modern annotation headed "Maintenance, use, or grant of right-of-way over restricted property as violation of restrictive covenant" (25 ALR2d 904). The annotator's general summation (p 906) provides an appropriate opening for discussion:

"Generally speaking, the cases disclose that the courts are inclined to hold that the maintenance, use, or grant of a right-of-way across property restricted in its use is a violation of the restriction if such maintenance, use, or grant seems to be inconsistent with the parties' intention in creating or agreeing to the restriction and with the object sought to be thereby accomplished, while if it does not interfere with the carrying out of the parties' intention and the purpose of the restriction, it will not be held to be a violation."

Pursuing this, counsel have requested that we examine *Baxendale* v. *Property Owners Ass'n.*, 285 App Div 1148 (140 NYS2d 176); *Edgewood Park Association* v. *Pernar*, 350 Mich 204; *Callaham* v. *Arenson*, 239 NC 619 (80 SE2d 619); *Klapproth* v. *Grininger*, 162 Minn 488 (203 NW 418, 39 ALR 1080); *Duklauer* v. *Weiss*, 18 Misc 2d 747 (182 NYS 2d 193); *Cook* v. *Murlin*, 202 App Div 552 (195 NYS 793), and other less applicable authorities. All such authorities are instructive but not particularly helpful. The reason stems from quoted paragraph "2" of appellant's said counter-complaint, which paragraph we are obliged presently to accept as true.

The pinpointed fact is that appellant has built her case upon more recent *Bove* v. *Giebel*, 169 Ohio St 325 (159 NE2d 425) (followed in *McInerney* v. *Sturgis*, 37 Misc 2d 302 [234 NYS2d 965]). The *Bove Case* lays down what the court in *McInerney*

said (p. 306) is "an equitable rule to be applied to cases of the instant kind." The facts in *Bove* are much like those with which we—in the instant case—are thus far acquainted. The court reasoned and ruled:

"As to property in a subdivision, that is restricted to use for residence purposes only, there have been decisions preventing its use as a means of ingress to and egress from property outside the subdivision that is not restricted to the same extent as the property within the subdivision. See 14 Am Jur, Covenants, Conditions and Restrictions § 255, p 635, and supplement thereto; 25 ALR2d 904, 175 ALR 1191, 1207; 39 ALR 1083. However, we have found no cases involving a situation such as presented by the instant case where the property outside the subdivision will be restricted by its owners to the same extent as that within the subdivision. Hence, our conclusion is that the owners of a lot in a subdivision, which lot is restricted to use 'for residence purposes only,' may use such lot as a means of ingress to and egress from adjoining land that they own outside the subdivision if they impose upon such outside land the same restrictions that are applicable to lots within the subdivision."

We agree, but with reservations. Before applying *Bove's* rule to this case, the trial court should be informed by due testimony whether and how, if at all, the present residential advantages enjoyed by Brookside lot owners will or might be adversely affected by appellant's proposal; whether a new traffic burden or maintenance problem will thereby be cast on dead end South Hills road, or for that matter, upon any other part of the subdivision's roadways; whether the private roads of the subdivision as dedicated have since become public roads;* whether ap-

---

* We gather, from a letter appearing in the appendix, that such is the current position of the Oakland county board of road commissioners.

pellant's intended specifications for grading of the west 70 feet of lot 15 and of location on parcel 3 of the two proposed homes will in any way, aesthetically or otherwise, impair the restriction-assured enjoyment of home ownership in the subdivision; whether strict conformity with the restrictions has been waived (as claimed by appellant in her vain motion to set aside summary judgment) and, in general, whether there are fair distinguished from carping or trifling reasons for denial to appellant of that which is sought by her.

*Cook* v. *Murlin,* cited above, sets the tone for due inquisition on remand. Would grant of relief to appellant harm appellees in any way? If so relief should be denied. Otherwise relief should be granted in accordance with the ascertained equity of the case. *Murlin* proceeds (pp 559, 560):

"If plaintiffs' claim were to be upheld, it would result in doing a great injustice to defendants, without any corresponding benefit to plaintiffs. To permit this driveway to stand and be used as a means of reaching East avenue from defendants' lands in the rear of the Golfside Acres tract, no possible harm can come to plaintiffs, and they made no attempt on the trial to prove damages. To close this private driveway, which would result from the sustaining of this judgment, defendants would be deprived of an easy, short, and convenient way of reaching East avenue over their own property, and would be compelled to adopt, as their only way of ingress to and egress from the 11-acre tract, the inconvenient, dangerous, and much longer route by way of the Kelly road, and over the Rochester & Syracuse double-track railroad. In the case of *McClure* v. *Leaycraft,* 183 NY 36, 44 (75 NE 961, 963, 5 Ann Cas 45), the court of appeals said:

" 'An injunction that bears heavily on the defendant, without benefiting the plaintiff, will always be withheld as oppressive.' "

*Second:*  Apart from the above appellees refer to and engage clauses (4) and (5) of the restrictions. Turning first to clause (4):

"(4) That the party of the first part [original grantor Brookside Hills Land Corporation] or its authorized representative, or said association* when organized shall have the right to refuse to approve any building plans or specifications or building locations or grade or fence plan, which in their opinion are not suitable or desirable to said plat. It is understood and agreed, however, that this reservation is for the purpose of insuring the proper development of 'Brookside Hills Subdivision', and the party of the first part, or its authorized representative, or said association shall not be arbitrary in their decision, and if a disagreement arises, the party of the first part, or its authorized representative, or said association, shall submit same to arbitration by competent architects, in the usual manner, and the decision of said arbitrators shall be final."

Of it counsel for appellees say:

"Paragraph (4) gives to the plat proprietor the right to refuse to approve of any 'grade or fence plan, which in their opinion are not suitable or desirable to said plat.' Nowhere in the pleadings is it claimed that a plan for grading in a roadway across appellant's lot has been submitted for approval. Yet such submission is a condition precedent to the right to build such a roadway."

Clause (4) goes on to provide, however, that the association "shall not be arbitrary in their decision, and if a disagreement arises," that the issue shall be submitted to arbitration. On remand therefore, and provided she establishes that there is no good reason for denial of application of the *Bove Case* principles to her purpose, appellant will be required

---

* The "association," since organized, is appellee Brookside Hills Protective Association.

to satisfy equity that she has duly submitted, to the appellee association, all restriction-required plans and specifications, that approval thereof has been denied, and that such denial of approval is arbitrary and unreasonably oppressive. Then and only then may she receive that complete relief, with the chancellor acting as arbitrator of the "disagreement," which equity only may provide. See discussion and quotation in *Sternberg* v. *Baxter,* 373 Mich 8, 17, 18, 19.

Finally, we are brought to clause (5). It reads:

"(5) That the party of the first part reserves for itself the right to grant to the owners of land adjoining, adjacent or contiguous to said plat, permanent rights-of-way appurtenant to such land, for road purposes over interior roadways in said plat, and to change the location of or permanently close platted roadway located between lots numbered 39 and 40."

Of clause (5) appellees' counsel say that "Here we find that the proprietor of the plat *reserved to itself* the precise right which appellant here asserts." (The italics are those of counsel.) We cannot agree.

Looking at the clause with care, we consider it to be no more than a reservation by the original grantor (Brookside Hills Land Corporation) of the right to grant, to owners of land adjoining the plat, use of "interior roadways in said plat" by means of conveyances of "permanent rights-of-way"—*over lots owned by the grantor*—leading from without the plat to such "interior roadways." Too, the clause doubtless was intended to permit and yet permits like grants of right to use the "interior roadways in said plat" where such interior roadways, not being dead end, extend to and end at outer boundaries of the subdivision as platted. Instances of the latter are

Forest Hill road, Brookside Drive, West Drive* and Valley Hill road. .

It could hardly be claimed, with reason at least, that the grantor, having conveyed all lots in the subdivision, retained by clause (5) the right to grant rights-of-way over any such conveyed lot. Hence the appellee association (successor to the original grantor) cannot, even if so disposed, grant to anyone a "right-of-way" joining South Hills road with parcel 2 or parcel 3. It holds no right in any property lying adjacent to the south side of South Hills road which would authorize such a grant.

As this case goes back to the Oakland circuit for that trial and determination equity contemplates and requires, we are constrained to accompany it with certain observations which, it is hoped, will be received as helpfully purposed rather than critically aimed. The first is that this Court has a right to expect of trial judges that they spend at least the same amount of time on an equity case as we must apply to it, *de novo,* when it comes here on appeal. The second is that, our metropolitan circuits being burdened as they are, it is better to let the work of the circuit get farther and farther behind than to crank a judicial meatgrinder the unjust output of which is simply a great number of "cases disposed of." When such a choice—between contemplative and prompt justice on the one hand and assembly line justice on the other—must be made, it is due for bitter criticism either way. But cases tried right, and then thoughtfully decided, amount of a certainty to better judicial service than that which is manifested in this and too many like appendices coming here.

Concededly, solution of this pressing problem is the primary responsibility of the Supreme Court of our State. We cannot avoid it, and so are overdue

---

* West Drive separates lots 39 and 40 as mentioned in clause (5).

for courteous yet forceful representations to the legislature; representations designed to increase substantially the manpower of our busier circuits. Nevertheless such confession whittles no whit this Court's duty to see that each appellant litigant having right thereto receives his full day in court. This appellant did not receive such due day. We suggest she receive it on remand.

The judgment is reversed and the cause is remanded for proofs and additional proceedings in accordance with this opinion. Appellant will have costs of both courts.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.