**Lloyd C. SMITH et al., Appellants,**

v.

**MOBIL OIL CORPORATION, Appellee.**

No. 4617.

Court of Civil Appeals of Texas, Eastland.

April 13, 1973.

1. See Sec. 4a, Art. 8307, Vernon's Ann.Tex.Civ.St.

L. J. Varnell, Jr., Mineral Wells, for appellants.

Duncan Gault, Mineral Wells, Ronald L. Neill, and Landon T. Carlson, Dallas, for appellee.

RALEIGH BROWN, Justice.

Lloyd C. Smith and wife, Maurine, and Joseph C. Smith doing business as Gordon Oil Company sued Mobil Oil Corporation, A. W. Stell and wife, Ruth. Plaintiffs seek a declaratory judgment declaring that a restrictive covenant on their property does not preclude the property's use for ingress and egress for a service station complex to be located on unrestricted land, adjacent to but not a part of the restricted tract.

Trial before the court resulted in a judgment declaring the covenant valid and prohibiting the use of the restricted tract for a driveway and water line to service the station. Plaintiffs also were permanently enjoined from constructing any facility on the restricted tract to be used in connection with the operation of the service station complex until November 18, 1991, including but not limited to a driveway and water line. Plaintiffs appeal.

Stell and wife on November 18, 1966 conveyed to Mobil a tract of land. The deed included the following restriction on adjacent land owned by Stell:

"It is expressly agreed and covenanted between the parties hereto that at no time within a period of 25 years from the date hereof shall the following described land be used for the storage, sale, distribution or advertising of petroleum or the products or by-products thereof."

In 1972 plaintiffs acquired from a successor in title to Stell 5.166 acres of land adjacent to the tract conveyed to Mobil. Plaintiffs admit the land purchased was subject to the foregoing restrictive covenant except one acre known as the "Church Tract". It is upon the unrestricted "Church Tract" that the plaintiffs commenced the construction of the service station. Concrete driveways for ingress and egress and a water line to service the station were being built across the restricted tract. There is no dispute that plaintiffs had knowledge of the restrictive covenant before purchasing the land.

Plaintiffs argue that the trial court erred in holding that the construction of the

driveways and water line on the restricted tract would be a violation of the restrictive covenant. The restriction is against "the storage, sale, distribution or advertising of petroleum or the products or by-products thereof".

In construing the restriction we must give effect to that which is expressly set out, together with that which is necessarily implied. Any doubt or ambiguity will be resolved against the restriction. H. E. Butt Grocery Company v. W. Justice, 484 S.W.2d 628 (Tex.Civ.App.—Waco 1972, writ ref. n. r. e.); Alexander Schroeder Lumber Co. v. Corona, 288 S.W.2d 829 (Tex.Civ.App.—Galveston 1956, writ ref. n. r. e.); Fischer v. Reissig, 143 S.W.2d 130 (Tex.Civ.App.—Austin 1940, writ ref.). Without doubt the restriction was to prohibit the use of the restricted tract for distribution of petroleum products which is one of the purposes of a service station.

The issue is whether the driveways for ingress and egress and the water line crossing the restricted tract to the service station on the unrestricted, adjacent tract violate the restrictive covenant. In H. E. Butt Grocery Company v. W. Justice, supra, the Waco Court of Civil Appeals in intepreting a similar restriction in similar circumstances stated:

"Parking, ingress, and egress are all necessary and integral parts of the conducting of the proposed foodstore, and are prohibited on the restricted tract by the plain language of the restrictions. Thus any use of the restricted tract for parking, ingress, and egress in connection with the proposed foodstore to be located on adjacent unrestricted premises, is violative of the restrictions. Maryland Trust Co. v. Tulip Realty Co., 220 Md. 399, 153 A.2d 275; Savon Gas Stations No. 6 Inc. v. Shell Oil Co., 4th Cir., 309 F.2d 306; McInerney v. Sturgis, 37 Misc.2d 302, 234 N.Y.S.2d 965; Mellitz v. Sunfield Co., 103 Conn. 177, 129 A. 228; Laughlin v. Wagner, 146 Tenn.

647, 244 S.W. 475; In Centers, Inc. v. Gilliland, 285 Ala. 593, 234 So.2d 883; Bennett v. Consolidated Realty Co., 226 Ky. 747, 11 S.W.2d 910."

We hold the use of the restricted tract for ingress and egress and the water line is a violation of the restrictive covenant.

Having considered all points of error and finding them without merit, the trial court is affirmed.

McCLOUD, C. J., not participating.