JAMES M. IRISH, JR., Plaintiff, v LEROY D. BESTEN, Defendant.

Supreme Court, Columbia County, January 6, 1989

**APPEARANCES OF COUNSEL**

*Tabner & Laudato (Steven W. Kraus* of counsel), for plaintiff. *Rosemary Nichols* for defendant.

**OPINION OF THE COURT**

JOHN G. CONNOR, J.

Plaintiff moves for summary judgment based upon certain covenants which appear in a deed to a common development

known as "White Silo Estates". Defendant purchased two lots (7 and 8) from plaintiff in December 1986. Said deed refers to a survey map. The two lots purchased by defendant are located at the most northerly part of the "White Silo Estates" and are the only two lots at the most northerly boundary of the development. A roadway designated as Carolyn Road as shown on the aforesaid map and referred to in defendant's deed leads from a public road in a northerly direction to the southerly side of lots 7 and 8. Said map shows the street terminates at the southerly side of lots 7 and 8 by a cul-de-sac.

Subsequent to the conveyance of lots 7 and 8, defendant dedicated to the Town of Schodack a proposed right-of-way 50 feet wide which traverses lots 7 and 8. It is this dedication which plaintiff now moves for summary judgment asking this court to declare that the conveyance to the right-of-way over lots 7 and 8 is contrary to the covenants and are contrary to the common plan and scheme to "White Silo Estates".

Defendant cross-moves for summary judgment asking this court to dismiss plaintiff's complaint. Defendant contends that at the time he negotiated the purchase of lots 7 and 8, defendant represented to plaintiff's son that he had a land-locked parcel north of lots 7 and 8 immediately adjacent to the subject parcels. Subsequently, defendant made application to the town for an extension of Carolyn Road thereby asking the town to continue Carolyn Road north of "White Silo Estates" to other lands owned by the defendant. The town found that the extension by the dedication of the easement by defendant to the town was not in violation of existing zoning regulations.

The Town of Schodack is not a party to this lawsuit. It should be noted that a covenant pertains to an agreement as between parties to such agreement. Zoning ordinances are naturally legislative enactments, whereas covenants are private agreements.

Presented herein is whether the dedication of the 50-foot right-of-way by defendant to the town was contrary to the expressed terms of the covenant as appears in the deed and map filed. Defendant contends that the restrictions to the use for residential purposes only and that no commercial or industrial use shall be permitted and that the premises shall be improved only by a single-family residential dwelling, together with normal accessory structures, are not violated by the construction of a highway. Defendant cites *Mairs v Ste-*

*vens* (268 App Div 922 [1944], *affd* 294 NY 806). On the other hand plaintiff cites *Duklauer v Weiss* (18 Misc 2d 747 [1959]) as authority for the proposition that a building of a road on premises limited by a covenant for residential purposes is expressly or impliedly prohibitive in nature by such agreement.

Although the court cannot infer a negative covenant where one does not exist, the court must interpret, if free from ambiguity, the intent of the parties and the surrounding circumstances. Where the parties are constructively cognizant of such recorded facts, the instruments must be taken in light of the surrounding circumstances.

More importantly where there exists a common scheme, as here, the court must look to both the recorded deed and the map referred therewith. The covenants specifically recite that lots 7 and 8 shall be used for residential purposes only, and that the premises shall be improved only by a single-family residential dwelling together with *normal accessory structures*. At issue is whether the defendant may subdivide to the town a 50-foot right-of-way for public use. The covenants expressly provide that the property may be improved only by a single-family residential dwelling with normal accessory structures. This court finds that a public roadway is not the normal accessory structure which was contemplated by the common development in 1986. To find to the contrary would render meaningless the purpose in developing a roadway with a dead-end turn around, thereby changing the road as an entrance-way to a new area. In effect, to relocate and change the entrance to a larger and additional development could not have been contemplated by those who purchased and relied upon the common plan.

The deed in question specifically states "the covenants and conditions shall run with the land and be binding upon the grantee".

Construction and dedication of a roadway is not incidental to the use of the property in question (lots 7 and 8). Granted, it may be incidental to that area outside of the existing development of other lands owned by the defendant but is not a nexus to lots 7 and 8. Once a common plan is established, the grantor and his successors must be estopped from proceeding in derogation of that plan, where there are changes or special circumstances shown.

Whether the defendant dedicated the 50-foot strip to the

town is no different than if the defendant dedicated such area as a parking lot. It is the use which the grantee makes of such property and not the past use formerly used by the grantor. It would be absurd to argue that any other lot located in the "White Silo Estates" would have a reciprocal right to subdivide their respective lot by dedicating a different entrance to the development.

In *Gordon v Incorporated Vil. of Lawrence* (84 AD2d 558 [2d Dept 1981], *affd* 56 NY2d 1003) the court found that a village intending to use a parcel as a parking lot where a one-family dwelling was intended should be restricted. Since the intended use would clearly violate the restrictive covenant the defendant must be enjoined from employing its property in the manner proposed. The *Gordon* case *(supra)* accentuates that an ordinance allowing the same does not abrogate the limitations imposed on the property by the restrictive covenant.

Plaintiff's motion for summary judgment is hereby granted to the extent that the dedication violates the covenant to the common restrictions as set forth in the map and deed from the plaintiff to the defendant. Defendant's cross motion for summary judgment is denied.