■ JAMES M. IRISH, JR., Respondent, v LEROY D. BESTEN, Appellant.—Harvey, J.

Plaintiff commenced this action seeking to enforce certain restrictive covenants contained in a deed by which defendant purchased from plaintiff two parcels of land located in a cul-de-sac real estate development entitled "White Silo Estates" in the Town of Schodack, Rensselaer County. The deed conveying the parcels contained three restrictive covenants which, *inter alia*, restricted the use of the subject property to "residential purposes only" and was to be improved "only by a single family residential dwelling together with normal accessory structures". Nonetheless, defendant subsequently dedicated to the town a proposed 50-foot-wide right-of-way which would traverse over defendant's two lots in the development. Defendant then submitted a concept plan to extend the development roadway through his two lots to serve as access to land owned by defendant located north of the development.

In his complaint, plaintiff sought, among other things, a declaration that the restrictive covenants applied to defendant and that the proposed construction of the roadway violated said covenants. Plaintiff also sought to enjoin defendant from using said roadway. Following joinder of issue, the parties cross-moved for summary judgment. Finding that the dedication and proposed use of defendant's lots violated the covenant to the common restrictions as set forth in defendant's deed, Supreme Court granted plaintiff's motion for summary judgment and denied defendant's cross motion. Defendant now appeals.

Initially, we reject defendant's contention that plaintiff did not have standing to institute this action. It is undisputed on the record that plaintiff owned two of the parcels contained in the development at the time he commenced this action. Therefore his standing to enforce the restrictive covenants that are a part of the general plan of the development is apparent *(see, Vogeler v Alwyn Improvement Corp.,* 247 NY 131, 136; *Chesebro v Moers,* 233 NY 75).

Turning to the merits, it is our view that Supreme Court correctly determined that defendant's dedication and proposed use of his lots violated the restrictive covenants in his deed. The covenants in defendant's deed unambiguously prohibited defendant from using his property for anything other than residential purposes *(see, Duklauer v Weiss,* 18 Misc 2d 747, 751). Defendant took title with notice of the covenants which were enforceable by a court of equity *(see, Vogeler v Alwyn Improvement Corp., supra).* Clearly, defendant's plan to permit an access roadway to be built over his property would be a use other than that for residential purposes and would be contrary to the common plan and scheme of the development that was relied upon by the purchasers *(see, Duklauer v Weiss, supra).* Accordingly, defendant's intended use of his property would violate the covenants in his deed and irreparably harm the other owners in the development *(see, Gordon v Incorporated Vil. of Lawrence,* 84 AD2d 558, *affd* 56 NY2d 1003).

Judgment and order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur. *[See,* 142 Misc 2d 183.]