■ Steven Vanderwoude, Appellant, v Post/Rockland Associates et al., Respondents. [597 NYS2d 112] —In an action, inter alia, for a permanent injunction enjoining the construction of a building which is allegedly in violation of certain zoning setback requirements, the plaintiff appeals from an order of the Supreme Court, Westchester County (Facelle, J.), entered February 11, 1991, which denied his motion for summary judgment on his fifth cause of action and granted the cross motion of the defendant Post/Rockland Associates for summary judgment dismissing the plaintiff's fifth cause of action.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Upon the parties' prior appeal in 1987 (see, Vanderwoude v Post/Rockland Assocs., 130 AD2d 739), the plaintiff's first four causes of action were dismissed. The fifth cause of action sought only to enjoin construction of a condominium project by the defendants Post/Rockland Associates and Harborview Housing Associates because the plaintiff claimed that it was in violation of the applicable setback requirements of the Village of Mamaroneck zoning ordinance. No other form of relief was

requested in this cause of action. However, the plaintiff, who did not appeal from the denial of his application for a preliminary injunction, waited until March 1990 to make the instant motion for summary judgment, by which time the defendant developers had completed construction and had sold all condominium units and parking spaces. Thus, at the time the plaintiff advanced his injunction claim on this summary judgment motion, there was no further construction to be enjoined nor were the defendant developers any longer in a position to be enjoined. Accordingly, we agree with the Supreme Court's determination dismissing the fifth cause of action as academic (see, Matter of Stockdale v Hughes, 189 AD2d 1065; Matter of Harbour v Riedell, 172 AD2d 920). In any event, the condominium in question was constructed in accordance with the requirements of the zoning ordinance as amended by Local Laws, 1984, No. 22 of the Village of Mamaroneck.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.