■ In the Matter of SAMUEL J. ABATE, JR., et al., Respondents, v CITY OF YONKERS et al., Appellants-Respondents, TOWN OF GREENBURGH, Respondent-Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of TOWN OF GREENBURGH, Respondent-Appellant, v CITY COUNCIL OF THE CITY OF YONKERS et al., Appellants-Respondents, et al., Respondents, and VILLAGE OF ARDSLEY, Intervenor-Respondent. (Proceeding No. 2.) [781 NYS2d 667]—

In two related proceedings pursuant to CPLR article 78, inter alia, to prohibit the City of Yonkers from issuing any additional building permits in connection with a commercial development project know as the Austin Avenue Shopping Center Development (Proceeding No. 1), and to review the 1999 Findings Statement made by the City Council of the City of Yonkers in connec-

tion with the subject development project pursuant to the State Environmental Quality Review Act (ECL art 8) (Proceeding No. 2), (1) the City of Yonkers, the City Council of the City of Yonkers, and the City of Yonkers Planning Bureau appeal, and Morris Industrial Builders, L.P., and Morris Companies, Yonkers Industrial Development Agency, and Costco Wholesale Corporation and Stew Leonard's Yonkers, LLC, separately appeal from (a) stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (DiBlasi, J.), entered March 11, 2003, and (b) a supplemental order of the same court dated March 17, 2003, amending the order and judgment, which, inter alia, granted that branch of the petition in Proceeding No. 1 which was to prohibit further development of the project site until a further de novo supplemental review pursuant to the State Environmental Quality Review Act is conducted, granted those branches of the petition in Proceeding No. 2 which were to invalidate the 1999 Findings Statement made by City Council of the City of Yonkers, directed a de novo supplemental review of the project pursuant to the State Environmental Quality Review Act, and completion of certain "Interchange Improvements" in connection with the project, and conditionally invalidated the certificates of occupancy which were denominated "temporary certificates of occupancy" issued to Stew Leonard's Yonkers, LLC, and Costco Wholesale Corp., in connection with the project if the "Interchange Improvements" were not completed by November 17, 2003, and the de novo supplemental review pursuant to the State Environmental Quality Review Act was not completed by June 30, 2004, and (2) the Town of Greenburgh cross-appeals, as limited by its brief, (a) from so much of the same order and judgment (one paper), and the supplemental order, as granted, upon its default in that proceeding, that branch of the petition in Proceeding No. 1 which was to annul and vacate an order and stipulation of settlement dated February 11, 1998, entered into by the parties in an action entitled *Town of Greenburgh v City of Yonkers,* commenced in the Supreme Court, Westchester County, under Index No. 121/ 98, and (b) from the supplemental order, amending the order and judgment.

Ordered that the cross appeal by the Town of Greenburgh is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth decretal paragraphs thereof, and substituting therefor a provision dismissing Proceeding No. 2 as academic; as so modified, the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the supplemental order is modified, on the law, by deleting the second, third, and fourth decretal paragraphs thereof; and it is further,

Ordered that one bill of costs is awarded to the City of Yonkers, the City Council of the City of Yonkers, the City of Yonkers Planning Bureau, Morris Industrial Builders, L.P., Morris Companies, Yonkers Industrial Development Agency, Costco Wholesale Corporation, and Stew Leonard's Yonkers, LLC, payable by the Town of Greenburgh.

No appeal lies from an order and judgment made upon the default of an aggrieved party (*see* CPLR 5511). While the Town of Greenburgh (hereinafter the Town) moved to vacate their default in Proceeding No. 1, the Town failed to appeal from the order denying its motion (*see Concord Moving & Stor. v Sabbeth,* 204 AD2d 590, 591 [1994]).

The Supreme Court erred in failing to dismiss Proceeding No. 2 and in granting the relief sought in the first and second causes of action therein. The petitioner in Proceeding No. 2, the Town, not only failed to seek a preliminary injunction, but acquiesced in the construction of the shopping center in question during the pendency of that litigation, such that the stores at issue have been constructed and began to operate by the time the Supreme Court ruled upon the merits of that petition. Consequently, Proceeding No. 2 should have been dismissed as academic (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,* 98 NY2d 165, 173 [2002]; *Matter of Caprari v Town of Colesville,* 199 AD2d 705, 706 [1993]; *Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals of City of Albany,* 195 AD2d 684 [1993]). Although the Town previously moved for a preliminary injunction in the prior related action that gave rise to the order and stipulation of settlement dated February 11, 1998 (hereinafter the 1998 Stipulation), that motion was denied and the ensuing order was never appealed (*see Matter of Gorman v Town Bd. of Town of E. Hampton,* 273 AD2d 235 [2000]).

Further, there is no merit to the claim raised by Morris Industrial Builders, L.P., and Morris Companies, Costco Wholesale Corp., and Stew Leonard's Yonkers, LLC, that Proceeding No. 1 is academic (*see generally Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713 [1980]). Nor did the Supreme Court err in granting declaratory relief to the petitioners in Proceeding No. 1, because, inter alia, no further development could take place at the subject shopping center absent a supplemental environmental review pursuant to the State Environmental Quality Review Act (ECL art 8) (*see generally*

*Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency*, 302 AD2d 399 [2003]). Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.