■ Town of Butternuts et al., Appellants, v National Grange of the Patrons of Husbandry et al., Respondents. [798 NYS2d 773]—

Carpinello, J. Appeal from an order of the Supreme Court (O'Brien III, J.), entered July 23, 2004 in Otsego County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

By deed dated April 15, 1952, plaintiff Town of Butternuts conveyed title to the former Village Hall to defendant Butternut Valley Grange #1533 (hereinafter the Grange). This conveyance was subject to three conditions and a reverter clause. In substance, the conditions required that the Grange keep the building in repair, maintain the hall for public use and permit the Town to use the property for elections and other like purposes. The deed also provided that if the Grange were dissolved, title to the property would revert back to the Town. The instant dispute arose when the Grange decided to sell an historic weathervane which had graced the steeple of the hall for over a hundred years.

The Grange accepted a proposal from an antique dealer to buy the weathervane for $200,000, intending to use the sale proceeds to make necessary repairs to the building. The purchaser agreed to replace the weathervane with a newly-constructed replica. The Town, as well as numerous other individual plaintiffs, sued to overturn this sale. Upon defense motions for summary judgment, Supreme Court rejected all of plaintiffs' various theories of recovery and dismissed the complaint. Plaintiffs have appealed, and we now affirm.

First and foremost, we agree with Supreme Court that unencumbered title to the weathervane passed to the Grange along with the real property by virtue of the 1952 deed and that none of the conditions in the instrument of conveyance prevents its removal. It is now well established that "the law favors 'free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them' " (*Van Schaick v Trustees of Union Coll.*, 285 AD2d 859, 860 [2001], *lv denied* 97 NY2d 607 [2001], quoting *Witter v Taggart*, 78 NY2d 234, 237 [1991]). Simply stated, we find nothing in the covenants in the subject deed which would prevent the Grange as the rightful owner of the premises from disposing of the weathervane as it sees fit.

We similarly find no error in Supreme Court's rejection of

plaintiffs' proffer of extrinsic evidence to support their theory that defendants were obliged to preserve the hall with the original weathervane intact. As with the axiom that restrictive covenants are strictly construed, "it is equally well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (*Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379 [1969]). In sum, unhappy with the loss of the original weathervane, plaintiffs seek to "effectively rewrite[ ] the bargain that was struck" in 1952 (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]), a result the law will not countenance. Nor do we find any basis for the imposition of a constructive trust since the record contains no indication of fraud, confidential relationship, breach of promise or unjust enrichment (*see Sperrazza v Kail*, 267 AD2d 692, 694 [1999]). The parties' remaining contentions, including defendants' request for the imposition of sanctions against plaintiffs, have been considered and rejected.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed, with one bill of costs.