■ BAST HATFIELD, INC., Respondent, v SCHALMONT CENTRAL SCHOOL DISTRICT, Appellant. [830 NYS2d 799]—

Rose, J. Appeals (1) from an order of the Supreme Court (Reilly, Jr., J.), entered February 14, 2006 in Schenectady County, which, inter alia, partially denied defendant's cross motion for leave to serve an amended answer, and (2) from an order of said court, entered April 14, 2006 in Schenectady County, which denied defendant's motion to renew and/or reargue.

Plaintiff commenced this action seeking to recover payment for work it performed under a construction contract with defendant. When plaintiff moved for leave to serve a second amended complaint, defendant cross-moved for leave to serve an amended answer, adding two counterclaims. Supreme Court granted leave as to only one counterclaim because it found that the other, which sought indemnification for delay damages claimed by an electrical subcontractor, lacked merit. Defendant's motion for reargument or renewal was also denied. Defendant appeals from both orders.

As a general rule, leave to amend a pleading "rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (*Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649 [2002]; *see* CPLR 3025 [b]). In assessing the merit of a proposed amendment, however, the proponent is required only to make an evidentiary showing sufficient to support the proposed claim (*see McFarland v Michel*, 2 AD3d 1297, 1300 [2003]). A summary judgment standard is not to be applied (*see Acker v Garson*, 306 AD2d 609, 610 [2003]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11).

Here, Supreme Court found no prejudice to plaintiff. However, the court then treated the motion as one for summary judgment and made a factual finding that the claim lacked merit because plaintiff alleged that defendant had not given notice of its claim within the 21-day period prescribed in the parties' construction contract. This was error, inasmuch as defendant was not required to plead or prove the performance of such a condition precedent (*see* CPLR 3015 [a]; *CNY Mech. Assoc. v Fidelity & Guar. Ins. Co.*, 212 AD2d 989, 990 [1995]; *compare Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813, 814 [2005] [where the issue of notice arose on a motion for summary judgment]). To establish the merit of its counterclaim for the purpose of obtaining leave to amend, defendant needed only to provide some evidence that a claim had been made against it and there are facts supporting its cause of action for indemnification. Defendant met this obligation by submitting a verified amended answer and an attorney's affidavit citing deposition testimony and documents that reflect both the existence of the electrical subcontractor's claim for damages and the factual basis of a common-law indemnification claim. Accordingly, we cannot agree that defendant's second proposed counterclaim is so patently meritless as to warrant denial of leave to amend (*see*

*United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 22 AD3d 1017, 1019 [2005]; *Berger v Water Commrs. of Town of Waterford, supra* at 649). Given this determination, the issue of whether reargument or renewal should have been granted is academic.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order entered February 14, 2006 is modified, with costs to defendant, by reversing so much thereof as partially denied defendant's cross motion for leave to amend its answer; cross motion granted in its entirety; and, as so modified, affirmed. Ordered that the order entered April 14, 2006 is dismissed, as academic.