■ Rugby Road Corporation et al., Appellants, v Doane Builders, Inc., Respondent. [876 NYS2d 749]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Mulvey, J.), entered January 31, 2008 in Chemung County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking to enjoin defendant from constructing a street through a lot in the subdivision known as Hunters Run, Phase III (hereinafter Phase III), in the Towns of Horseheads and Big Flats, Chemung County. The proposed street would connect Phase III to an adjoining subdivision being developed by defendant. Plaintiffs asserted that placing a street through a lot violated the restrictive covenants that limited the use of the lots in Phase III to single family residences. Defendant moved for summary judgment and plaintiffs cross-moved for summary judgment. In its decision, Supreme Court first granted defendant's motion as to all plaintiffs, except plaintiff Vidyasagar Mokureddy, upon the ground that the other plaintiffs did not have standing. The court then addressed the merits of the motions as to Mokureddy and defendant, and granted defendant summary judgment. Plaintiffs appeal.

Initially, we note that plaintiffs have not argued the standing issue on appeal and, accordingly, that issue is abandoned (*see Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 560 n 3 [2000]; *Rabideau v Albany Med. Ctr. Hosp.*, 195 AD2d 923, 926 n [1993]). Defendant acknowledges that the remaining plaintiff, Mokureddy, has standing.

"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 431 [2004] [citations omitted]). However, since the law favors "unencumbered use of real property," restrictive covenants are "strictly construed against those seeking to enforce them" (*Witter v Taggart*, 78 NY2d 234, 237 [1991]; *see Town of Butternuts v National Grange of Patrons of Husbandry*, 20 AD3d 637, 638 [2005]; *Van Schaick v Trustees of Union Coll.*, 285 AD2d 859, 860 [2001], *lv denied* 97 NY2d 607 [2001]). Here, while the language employed in the restrictive covenants clearly limits the use of the lots to residential purposes and that language does not permit building a street through a lot (*see Irish v Besten*, 158 AD2d 867, 867-868 [1990]), a liberal method

for modifying the covenants was set forth in the document establishing the restrictive covenants.

The germane document provided that, until December 31, 2010, the Architectural Review Committee (hereinafter ARC) had absolute authority to modify all restrictions by a majority vote. The original developer was named as the ARC. That developer was further afforded the unbridled right to appoint "a successor or successors" as an ARC. The developer sold three lots to defendant and appointed defendant as the ARC for those lots. There is nothing in the document preventing the developer from making such an appointment. Defendant's status as an ARC provided it with the power pursuant to the terms of the controlling document to modify the restrictions, which it did as to the lot through which it plans to build a street. Since the terms of the document setting forth the restrictive covenants afford this type of very liberal modification of the restrictions until December 31, 2010, defendant did not—as urged by plaintiffs—run afoul of the business judgment rule by utilizing those liberal modification procedures. We conclude that Supreme Court correctly granted defendant's motion for summary judgment dismissing the complaint.

The remaining issues raised by the parties, to the extent not rendered academic, have been considered and found unavailing.

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, with costs.