■ SUSAN SUTHERLAND et al., Appellants, v NEW YORK CITY HOUSING DEVELOPMENT CORPORATION et al., Respondents. [877 NYS2d 43]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 17, 2008, which, in a CPLR article 78 proceeding seeking to annul respondent New York City Housing Development Corporation's (HDC) determinations (1) that respondent AMP Apartments' (AMP) housing construction project would have no significant environmental impact, and (2) to provide funds for affordable housing to the AMP project, denied the petition and dismissed the proceeding, unanimously affirmed, without costs.

To the extent petitioners challenge construction of AMP's residential building as obstructing the views from their apartments, Supreme Court correctly concluded that the challenge was moot. By the time this proceeding was commenced, the building project was substantially complete, petitioners had failed to seek preliminary injunctive relief, there was no evidence that construction work was performed in bad faith, and

such work could not be readily undone without undue hardship (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172-173 [2002]).

To the extent petitioners challenge HDC's decision to provide tax-exempt funds allowing 20% of the apartment units in the building to be designated as affordable housing for low income tenants, Supreme Court correctly concluded that petitioners lack standing. The unrefuted evidence shows that the building's structure would have been the same without HDC's funding, the only difference being that without such funding, all of the apartment units would rent at market rates. Accordingly, petitioners fail to establish any nexus between the view obstruction injury they allege and HDC's funding of the project (*see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]). In addition, petitioners fail to show that such funding caused them to suffer hardships, namely, view obstruction, not also experienced by the public at large (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774-775 [1991]). Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ. [*See* 20 Misc 3d 1115(A), 2008 NY Slip Op 51354(U).]