■ Lisa L. Dever, Respondent, v Mark DeVito et al., Appellants. [922 NYS2d 646]—

Peters, J.P. Appeal from an order of the Supreme Court (Muller, J.), entered April 21, 2010 in Essex County, which, among other things, denied defendants' cross motion for summary judgment dismissing the amended complaint.

The parties own adjoining parcels of property within the Chipmunk Lane Association, Inc. subdivision in the Town of North Elba, Essex County. Defendants purchased their waterfront lot, which is positioned between plaintiff's property and Lake Placid, in 2007 and sought to demolish the dilapidated house situated on the property and build a new home there. Defendants' architect drafted plans for the new home, but plaintiff took issue with them, primarily because she was concerned that the new, larger home would obstruct her view of the lake.

In June 2008, after defendants' initial plans had been approved by the Joint Review Board of the Village of Lake Placid/ Town of North Elba, plaintiff commenced this action to enjoin the construction of defendants' home and for money damages, claiming that the proposed construction violated certain restrictive covenants applicable to the properties within Chipmunk Lane. Defendants thereafter hired a second architect, Andrew Chary, who developed new plans which, among other things, decreased the size of the proposed home. Those plans were eventually approved by the Joint Review Board and the Adirondack Park Agency. After meeting with Chary to review the new plans, and apparently agreeing that the new design was better than the original and securing defendants' agreement to further reduce the roof ridge line height of the proposed home, plaintiff pressed forward with this litigation and amended her complaint, this time omitting her claims for damages.

Plaintiff thereafter moved for a preliminary injunction, which motion was denied by Supreme Court. Although she filed a notice of appeal from that order, the appeal was ultimately withdrawn. In November 2009, after construction of defendants' home was underway, plaintiff moved for leave to amend her complaint a second time for the purpose of reasserting a claim for damages and adding necessary parties, and defendants cross-moved for summary judgment dismissing the amended complaint. Supreme Court granted plaintiff's motion and denied defendants' cross motion. This appeal by defendants ensued.

Initially, we reject defendants' assertion that plaintiff lacks standing to commence this action. The covenants at issue are part of a common development scheme created for the benefit of all property owners within Chipmunk Lane. Plaintiff therefore has standing to enforce the restrictive covenants against any other individual property owner within the development (*see Irish v Besten*, 158 AD2d 867, 867 [1990]; *Matter of Van Euclid Co. v Sargent*, 97 AD2d 913, 914-915 [1983]).

We are similarly unpersuaded that Supreme Court erred in granting plaintiff's motion for leave to amend her complaint.

"As a general rule, leave to amend a pleading rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (*Bast Hatfield, Inc. v Schalmont Cent. School Dist.*, 37 AD3d 987, 988 [2007] [internal quotation marks and citations omitted]; *see Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d 1284, 1289 [2009]). Here, plaintiff sought to amend the complaint a second time to add necessary parties and reallege her claim for money damages. As defendants themselves raised the issue that the parties named in the second amended complaint must be added to accord full relief, we discern no abuse of discretion by Supreme Court in permitting the complaint to be amended in this regard. Furthermore, inasmuch as a claim for money damages was contained in the original complaint and " 'rests on the same factual circumstances as those forming the basis of the original [and first amended] complaint' " (*Acker v Garson*, 306 AD2d 609, 610 [2003], quoting *Kaplan v Sparks*, 192 AD2d 1119, 1120 [1993]), we find no evidence that defendants would be surprised or prejudiced by amending the complaint in this regard. Contrary to defendants' contention, the proposed verified second amended complaint and attorney affidavit submitted by plaintiff supplied the requisite evidentiary support for the money damages claim (*see Bast Hatfield, Inc. v Schalmont Cent. School Dist.*, 37 AD3d at 988; *McFarland v Michel*, 2 AD3d 1297, 1300 [2003]; *Farrell v K.J.D.E. Corp.*, 244 AD2d 905, 905 [1997]).

We do agree, however, that to the extent that plaintiff seeks to enjoin the construction of defendants' replacement home as violative of the restrictive covenants, the issue is now moot. While plaintiff sought a preliminary injunction and appealed to this Court when that relief was denied, she did not seek a stay in this Court, eventually withdrew her appeal and thereafter failed to pursue any additional legal relief to preserve the status quo or prevent further construction of defendants' residence (*see Matter of Abate v City of Yonkers*, 10 AD3d 605, 607 [2004], *lv dismissed and denied* 4 NY3d 736 [2004]; *Matter of Zimmerman v Planning Bd. of Town of Schodack*, 294 AD2d 776, 778 n 2 [2002], *lv denied* 98 NY2d 612 [2002]; *Matter of Padavan v City of New York*, 291 AD2d 561 [2002]; *Matter of Gorman v Town Bd. of Town of E. Hampton*, 273 AD2d 235, 236 [2000], *lv denied* 96 NY2d 703 [2001]; *Vanderwoude v Post/Rockland Assoc.*, 192 AD2d 702, 702-703 [1993]). In the interim, defendants' home was fully constructed, at a cost upwards of $1 million, and they have now moved into the residence. Furthermore, defendants did not proceed with construction in bad faith. To

the contrary, defendants did not begin construction until nearly 1¹/₂ years after this action was commenced and following the denial of plaintiff's motion for a preliminary injunction, and only after pursuing and obtaining all necessary approvals and permits. Thus, it cannot be said that defendants "race[d] to completion" in order to defeat plaintiff's rights to judicial review, or that they otherwise proceeded in bad faith or without authority (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]; *see Matter of Wallkill Cemetery Assn., Inc. v Town of Wallkill Planning Bd.*, 73 AD3d 1189, 1191 [2010]; *Matter of Mehta v Town of Montour Zoning Bd. of Appeals*, 4 AD3d 657, 658 [2004]). Moreover, given that the construction of the house is now complete, such work could not be readily undone without undue hardship, and substantial prejudice to defendants would result if plaintiff prevailed on her claims for injunctive relief under these circumstances (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *Sutherland v New York City Hous. Dev. Corp.*, 61 AD3d 479, 479-480 [2009], *lv denied* 13 NY3d 703 [2009]). Therefore, upon weighing these relevant factors to the mootness doctrine (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172-173 [2002]), we conclude that plaintiff's claim for injunctive relief is moot.

Addressing the merits of this dispute, defendants argue that Supreme Court improperly denied their cross motion for summary judgment dismissing the complaint since plaintiff failed to establish the applicability or violation of any restrictive covenant. "[T]he law favors 'free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them' " (*Van Schaick v Trustees of Union Coll.*, 285 AD2d 859, 860 [2001], *lv denied* 97 NY2d 607 [2002] [2001], quoting *Witter v Taggart*, 78 NY2d 234, 237 [1991]; *see Rugby Rd. Corp. v Doane Bldrs., Inc.*, 61 AD3d 1157, 1158 [2009]). Moreover, courts will enforce such restraints only where the party seeking enforcement establishes their application by clear and convincing evidence (*see Witter v Taggart*, 78 NY2d at 237-238; *Van Schaick v Trustees of Union Coll.*, 285 AD2d at 860; *Gitlen v Gallup*, 241 AD2d 856, 858 [1997]).

Initially, we agree with defendants that the restrictive covenant contained in article II, section 4 of the Declaration of Covenants does not apply to their replacement house. The covenant

provides: "No additional building shall be permitted to be erected on any parcel save a private garage, dock not to exceed 200 sq. feet or encroaching 20 feet into Lake Placid and/or utility building which conforms in appearance to the residence structure on the same parcel and then only with the specific approval of the [Chipmunk Lane Association] Board of Directors as to size, type of construction and location. No such additional building shall be located in such a way as to interfere or unreasonably restrict or block a view from an adjoining lot or cottage. There shall be no construction of any new residential building unless the existing building is first demolished." As the plain language of that covenant makes clear, it prohibits only the erection of "additional buildings," with the exception of certain garages, docks or utility buildings. We therefore find, as a matter of law, that the covenant at issue does not apply to a replacement dwelling such as that at issue here.

As for plaintiff's other claimed violations of various restrictive covenants, we find—with the exception of defendants' construction of a boathouse—that defendants made a prima facie showing through the affidavits of Chary and defendant Mark DeVito that the cited covenants are not applicable or that the proposed work did not violate any such covenants. The affidavit of counsel submitted by plaintiff in opposition to defendants' cross motion, which did nothing more than list the other claimed violations, was insufficient to raise a triable question of fact (*see 9394 LLC v Farris*, 10 AD3d 708, 710-711 [2004], *lv denied* 4 NY3d 705 [2005]). With respect to their boathouse, defendants merely asserted that no covenant prevents them from constructing one on their property. We agree with plaintiff that questions of fact remain as to whether the previously quoted covenant prohibiting "additional buildings" applies to the erection of a boathouse.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for summary judgment dismissing plaintiff's second amended complaint; cross motion partially granted by dismissing all causes of action of said complaint except plaintiff's claim that defendants' boathouse violates article II, section 4 of the Declaration of Covenants; and, as so modified, affirmed.