ERNIE OTTO CORPORATION, Appellant, v INLAND SOUTHEAST THOMPSON MONTICELLO, LLC, Respondent. [936 NYS2d 756]—

McCarthy, J.

Plaintiff moved for summary judgment against defendant, seeking a permanent injunction and enforcement of the restrictive covenant. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion, granted defendant's cross motion for summary judgment,

dismissed plaintiff's complaint, and awarded defendant counsel fees. Plaintiff appeals.[2]

Supreme Court did not err in awarding defendant summary judgment. "[T]he law favors 'free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them' " (*Van Schaick v Trustees of Union Coll.*, 285 AD2d 859, 860 [2001], *lv denied* 97 NY2d 607 [2001], quoting *Witter v Taggart*, 78 NY2d 234, 237 [1991]; *accord Dever v DeVito*, 84 AD3d 1539, 1542 [2011], *lv dismissed* 18 NY3d 864 [2012]; *see Bear Mtn. Books v Woodbury Common Partners*, 232 AD2d 595, 595-596 [1996]). "Moreover, courts will enforce such restraints only where the party seeking enforcement establishes their application by clear and convincing evidence" (*Dever v DeVito*, 84 AD3d at 1542 [citations omitted]). "[W]here the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted" (*Ludwig v Chautauqua Shores Improvement Assn.*, 5 AD3d 1119, 1120 [2004], *lv denied* 3 NY3d 601 [2004]; *see Bear Mtn. Books v Woodbury Common Partners*, 232 AD2d at 596).

The restrictive covenant at issue provides that "[d]uring the term of this [l]ease, [defendant] will not rent to another [t]enant dedicated primarily to the sale of greeting cards." Plaintiff had the burden of showing that the language "to another [t]enant" applied not only to new tenants, but also included tenants under lease with defendant prior to plaintiff executing its lease. The less restrictive interpretation of the language at issue here limits the covenant's application to future tenants only. Any other reading would force defendant to breach its agreement with Kim's, which was under no obligation to limit its sale of greeting cards under the terms of its lease. Thus, defendant was entitled to summary judgment dismissing the complaint.

Supreme Court also properly found that the covenant did not apply to Kim's. A "restrictive covenant cannot be enforced against a competing tenant whose lease predates the covenant's execution" (*Fratelli's Pizza & Rest. Corp. v Kayzee Realty Corp.*, 74 AD3d 481, 481 [2010]). There is no dispute that the lease that Kim's had predated plaintiff's lease by four years. Plaintiff, however, contends that the expansion by Kim's in 2000 amounted to a new lease agreement between the parties and, thus, put Kim's on notice of the restrictive covenant. We find

---

**2.** Defendant sold Monticello Mall in 2007 and the lease agreement that Kim's had with Monticello Mall ended in 2009. Because neither Kim's nor defendant has any current interest in the property, plaintiff's request for a permanent injunction is moot.

this argument unavailing. Mere amendments to a preexisting tenant's lease, that do not materially affect the rights of the parties under it or otherwise work to annul the prior agreement, do not constitute a new agreement (see *L'Art de Jewel Ltd. v Hudson Sheraton Corp., LLC*, 46 AD3d 418, 420 [2007]). When Kim's executed the 2000 amendment to the original lease, the only material terms altered were the square footage and base rent. Because none of the substantive terms of the agreement changed, specifically the items that Kim's was permitted to sell, the amendment did not constitute a new lease agreement (see *id.*).

As the prevailing party, defendant was properly awarded counsel fees consistent with the agreement between the parties. If either party commences an action against the other, the rider to plaintiff's lease provides that "the prevailing party in such action shall be entitled to all expenses incurred therein including reasonable attorney's fees." Because plaintiff's claim was dismissed and summary judgment was properly awarded to defendant, Supreme Court did not err in finding that defendant was the prevailing party.

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.