■ Mary Frances Ford, Respondent-Appellant, v John K. Rifenburg et al., Appellants-Respondents. [942 NYS2d 285]—

Rose, J. Cross appeals from an order and judgment of the Supreme Court (Krogmann, J.), entered May 18, 2011 in Warren County, which granted plaintiff's motion for summary judgment.

Plaintiff and defendants are the owners of adjacent lots in the Brant Lake Estates subdivision on Brant Lake in the Town of Horicon, Warren County. The common grantor imposed a number of restrictive covenants on the lots for the benefit of all grantees. Plaintiff commenced this action pursuant to RPAPL 2001 seeking to enforce three of those restrictive covenants by enjoining construction of defendants' proposed boathouse in the waters of Brant Lake. Supreme Court, finding one of the restrictive covenants applicable, granted plaintiff summary judgment and issued a permanent injunction. Defendants appeal and we affirm.[1]

The restrictive covenant at issue provides that "[a]ny dock, pier or land projection constructed in or over the lake shall be

---

1. Plaintiff cross-appeals from so much of the order that denied summary judgment on the other two restrictive covenants. However, as plaintiff was granted summary judgment, she is not an aggrieved party permitted to appeal and her cross appeal is dismissed (see CPLR 5511). Although plaintiff's arguments are properly before us as alternative grounds for affirmance, our decision renders them academic and we do not reach their merits (see McCormick v Bechtol, 68 AD3d 1376, 1378 n 2 [2009], lv denied 15 NY3d 701 [2010], cert denied 562 US —, 131 S Ct 655 [2010]).

no closer than [15] feet from the adjoining property line, and no such structure shall be built with sides." Defendants do not dispute that they had notice of this restrictive covenant or that plaintiff has standing to enforce it. Instead, defendants contend that it is unenforceable because the common grantor did not own the underwater land and thus had no right to impose any restrictions on it. Similarly, defendants contend that they do not own the underwater land and, therefore, RPAPL 2001 does not apply because the boathouse will not be on their "premises." We agree with Supreme Court that, regardless of the ownership status of the underwater land, defendants' riparian[2] right to access the water adjoining their lot is part and parcel of their use of their land and is therefore subject to the restrictions to which they agreed when they purchased the property.

Restrictive covenants are matters of private agreement by which " 'a particular use of land may be enjoined' " (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 432 [2004], quoting *Matter of Friends of Shawangunks v Knowlton*, 64 NY2d 387, 392 [1985]; *see Witter v Taggart*, 78 NY2d 234, 237 [1991]). A riparian owner has the right of access to navigable water and "the right to make this access a practical reality by building a pier, or wharfing out" (*Town of Oyster Bay v Commander Oil Corp.*, 96 NY2d 566, 571 [2001] [internal quotation marks omitted], citing *Town of Brookhaven v Smith*, 188 NY 74, 85 [1907]). Defendants acknowledge that they hold this right by virtue of their status as riparian owners of the upland lots. Given the nature of this right, the common grantor was able to place restrictions on the use of the water by the upland lot owners and the restrictive covenant is enforceable whether or not the common grantor owned the lake bed (*see Silberman v Mayer*, 48 Misc 468, 472-473 [1905], *affd sub nom. Silberman v Uhrlaub*, 116 App Div 869 [1907]). Defendants' argument that RPAPL 2001 is inapplicable because the boathouse is not on their "premises" is similarly flawed, as that term has been construed to include "all rights in property of the nature of land which belong to the owner by virtue of his title thereto" (1 Rasch, New York Law and Practice of Real Property § 1:6, at 4 [2d ed 1991]).

Finally, defendants argue that the restrictive covenant should

2. While "[a] true riparian owner owns land along a river" (*Town of Oyster Bay v Commander Oil Corp.*, 96 NY2d 566, 571 [2001]), and the owner of property along a lake is more accurately described as a littoral owner (*see* Black's Law Dictionary 952 [8th ed 2004]), the distinction between these terms is outdated (*see Town of Oyster Bay v Commander Oil Corp.*, 96 NY2d at 571).

not be construed to include boathouses in the absence of an explicit preclusion of them. We disagree. While restrictive covenants "must be construed as they read and not be given a construction extending beyond the literal meaning of their terms" (*Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242, 249 [1935]; *see Dever v DeVito*, 84 AD3d 1539, 1542-1543 [2011], *lv dismissed* 18 NY3d 864 [2012]), the restriction here clearly precludes, among other things, docks built with sides. According to the drawings provided in the record by defendants' own architect, the proposed structure consists of timber cribs supporting a clearly labeled two-slip dock on which a boathouse composed of four sides and a roof is to be built. It is the addition of sides to be built on the dock that runs afoul of the plain language of the restrictive covenant, regardless of the lack of any explicit mention of boathouses.

Peters, P.J., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs. Ordered that the cross appeal is dismissed, without costs.