County of Schuyler v Hetrick (2019 NY Slip Op 08745)





County of Schuyler v Hetrick


2019 NY Slip Op 08745


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

526557

[*1]County of Schuyler et al., Respondents,
v
William Hetrick, Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Scott D. Moore Law Office, PC, Elmira (Scott D. Moore of counsel), for appellant.
Steven J. Getman, County Attorney, Watkins Glen, for County of Schuyler, respondent.
Barclay Damon LLP, Syracuse (Gabrielle A. Figueroa of counsel), for County of Chemung, respondent.
Steven J. Getman, County Attorney, Watkins Glen, for County of Schuyler, respondent.


Barclay Damon LLP, Syracuse (Gabrielle A. Figueroa of counsel), for County of Chemung, respondent.



Clark, J.
Appeal from an order of the Supreme Court (O'Shea, J.), entered March 12, 2018 in Chemung County, which, among other things, granted plaintiffs' motions for summary judgment.
By deed dated July 19, 1966, plaintiff County of Schuyler acquired a landlocked one-acre parcel of land, which, by virtue of a prior lease agreement, was and had been the site of an emergency communications tower used by Schuyler County. The 1966 deed also conveyed to Schuyler County an easement granting it a right-of-way for ingress and egress "along the existing farm lane" located on the servient property — now owned by defendant — "for the construction, operation, maintenance, repair and/or removal of [the] subject tower and attendant equipment therefor." In addition, the deed imposed certain restrictions on the use of the one-acre parcel, including, as relevant here, that "[t]he premises . . . be used for the purpose of erecting towers and radios for voice communication, for the County of Schuyler, it's [sic] governmental departments and agencies and other political subdivisions now cooperating in and using it's [sic] various radio systems, only."
In 2012, as the communications tower and related infrastructure was nearing the end of its useful life, Schuyler County and plaintiff County of Chemung sought and obtained grants to upgrade the communications system at the tower site and subsequently entered into contracts with Motorola Solutions, Inc. for the purchase, construction and installation of a new communications tower. After learning of plaintiffs' plans in early 2014, defendant wrote a series of letters to Schuyler County's Emergency Management Department, wherein he objected to the construction and installation of the new tower. In response, Schuyler County maintained that the radio tower project fell within the purview of the 1966 deed restrictions, and plaintiffs continued to move forward with demolition of the old tower and construction of the new tower. The dispute thereafter escalated between the parties and, by September 2014, defendant had barricaded and locked plaintiffs' access to the right-of-way, thereby frustrating plaintiffs' ability to construct the new tower.
Plaintiffs commenced this action seeking, among other things, an order declaring that they have a right of ingress and egress over the easement burdening defendant's property, directing defendant to remove all barriers and obstructions to the right-of-way and permanently enjoining defendant from interfering with their use and enjoyment of the tower site and the right-of-way.[FN1] Plaintiffs simultaneously moved for a temporary restraining order and preliminary injunction directing defendant to remove the obstructions to the right-of-way and enjoining him from further obstructing their access to the tower site, and Supreme Court ultimately granted that application. Defendant thereafter answered the complaint and interposed several counterclaims and affirmative defenses alleging that plaintiffs were acting in violation of the deed restrictions and trespassing on his property by, among other things, using the right-of-way beyond its prescribed width. Following discovery, plaintiffs moved, and defendant cross-moved for summary judgment. Supreme Court granted plaintiffs' motions for summary judgment and denied defendant's cross motion, prompting this appeal.
Defendant maintains that Chemung County is prohibited from using the tower site because it is not, as required by the 1966 deed, a governmental department, agency or political subdivision of Schuyler County. The restrictive covenant at issue ambiguously states that the land is to "be used for the purpose of erecting towers and radios for voice communication, for the County of Schuyler, it's [sic] governmental departments and agencies and other political subdivisions now cooperating in and using it's [sic] various radio systems, only." Defendant's interpretation of this restriction — that is, that use of the land is limited to Schuyler County and its governmental departments, agencies and political subdivisions — is certainly plausible. However, the covenant is also susceptible to the alternate and, in our view, more likely interpretation that other political subdivisions of the state, such as nearby counties, may use the land if they were cooperating in and using the radio systems at the time of the conveyance. Given that the law favors the free and unencumbered use of real property and that courts must adopt the less restrictive interpretation when a restrictive covenant is equally susceptible of two interpretations (see Premium Point Park Assn. v Polar Bar, Inc., 306 NY 507, 512 [1954]; Turner v Caesar, 291 AD2d 650, 651 [2002]), we reject defendant's interpretation in favor of the less restrictive one allowing Chemung County's use of the tower site, provided that it was cooperating in and using the radio systems at the time of the conveyance (see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 91 AD3d 1155, 1156 [2012], lv denied 19 NY3d 802 [2012]; Gitlen v Gallup, 241 AD2d 856, 858 [1997]).
With this construction in mind, we turn to the question of whether plaintiffs have, as defendant asserts in his counterclaims, violated the deed's restrictive covenants. Defendant first contends that, at the time of the conveyance in 1966, Chemung County was not "cooperating in and using [the] various radio systems" and, therefore, is precluded from using the tower site today. Defendant also alleges that, in contravention of the restrictive covenant, plaintiffs are using the radio tower for more than just "voice communication."
On the issue of whether Chemung County was cooperating in and using the radio systems at the time of the conveyance, plaintiffs submitted prima facie evidence establishing that, at the time of the conveyance, the tower's radio systems were being used by Schuyler County and Chemung County for the purpose of providing mutual emergency aid. Plaintiffs similarly produced prima facie evidence establishing that the tower site is being used solely for voice communication. Specifically, plaintiffs submitted affidavits from two experts, who each averred that the new tower is used solely for the transmission of voice communication and that the new tower does not have the capability to transmit informational data, as defendant contends. As plaintiffs came forward with prima facie evidence of their compliance with the deed's restrictive covenants, the burden shifted to defendant to establish a violation by clear and convincing evidence or to raise a triable issue of fact (see Dever v DeVito, 84 AD3d 1539, 1543 [2011], lv dismissed 18 NY3d 864 [2012], lv denied 21 NY3d 861 [2013]; Turner v Caesar, 291 AD2d at 652).
On the issue of whether Chemung County was cooperating in and using the tower's radio systems at the time of the July 1966 conveyance, defendant failed to raise a question of fact. Defendant similarly failed to come forward with sufficient proof in admissible form [FN2] to raise a question of fact on the issue of whether the new tower is being used for more than voice communication (see Village of Waterford v Amna Enters., Inc., 27 AD3d 1044, 1046 [2006]; Colvin v Maille, 127 AD2d 926, 926-927 [1987], lv denied 69 NY2d 611 [1987]). Accordingly, with respect to whether plaintiffs have complied with or are violating the deed restrictions, Supreme Court properly granted summary judgment in favor of plaintiffs.
Supreme Court also properly granted plaintiffs summary judgment dismissing defendant's counterclaim for trespass. Initially, to the extent that defendant's trespass counterclaim is premised upon Chemung County's use of the tower site, such argument fails because, as discussed above, such use does not constitute a violation of the deed's restrictive covenants. To the extent that the counterclaim is premised upon plaintiffs allegedly traversing beyond the prescribed width of the right-of-way, plaintiffs came forward with prima facie evidence refuting that allegation, and defendant failed to raise a triable issue of fact in opposition (see Mangusi v Town of Mount Pleasant, 19 AD3d 656, 657 [2005]; compare Julia Props., LLC v Levy, 137 AD3d 1224, 1225 [2016]). Accordingly, as we discern no basis upon which to disturb Supreme Court's determination, we affirm the order from which defendant appeals.
Any arguments not expressly addressed herein have been reviewed and found to be without merit.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Brian Wallenbeck was also named as a defendant in the complaint. However, the action was discontinued against him by stipulation and the caption was amended accordingly.

Footnote 2: Defendant submitted an unsworn affidavit from a telecommunication expert, who merely speculated about the potential use of the new equipment and did not dispute that it is currently being used solely for voice communication.