Kumar v Franco (2022 NY Slip Op 07486)

Kumar v Franco

2022 NY Slip Op 07486

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

534087
[*1]Manoj K. Kumar et al., Appellants,
v
Stephen Franco et al., Respondents.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Bousquet Holstein PLLC, Syracuse (Ryan S. Suser of counsel), for appellants.
Weaver Mancuso Brightman PLLC, Rochester (John A. Mancuso of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Mark G. Masler, J.), entered September 24, 2021 in Cortland County, which, among other things, granted defendants' cross motion to dismiss the complaint.
Plaintiffs reside on Davinci Drive in the Town of Cortlandville, Cortland County, which is part of the Renaissance I Cortlandville Residential Subdivision (hereinafter the subdivision). Defendants own adjacent property consisting of two parcels of land — one is a 0.76 acre parcel, off Davinci Drive, and the second is a 25.5 acre parcel, adjoining both plaintiffs' property and defendants' Davinci Drive parcel. Both plaintiffs' property and defendants' Davinci Drive parcel are located in the subdivision, subject to Covenants and Restrictions of Renaissance I Cortlandville Residential Subdivision, as amended (hereinafter the subdivision restrictions).
After defendants installed a driveway going through their Davinci Drive parcel to their residence on the second parcel, plaintiffs commenced this action seeking a declaratory judgment that defendants violated the subdivision restrictions, a preliminary injunction with temporary restraining order and a permanent injunction that would prohibit defendants from constructing the driveway as well as directing them to remove the already-built driveway. Plaintiffs also separately moved for a preliminary injunction. Defendants responded to the motion, arguing that plaintiffs did not make the required evidentiary showing to justify a temporary restraining order and, moreover, defendants asserted that the subdivision restrictions, unambiguous on their face, did not apply to their driveway.
Thereafter, defendants, pre-answer, cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Plaintiffs then withdrew their motion seeking a preliminary injunction, stating their intention to expedite a decision on the merits. Ultimately, Supreme Court granted defendants' cross motion to dismiss the complaint, declared — relying on CPLR 3211 (a) (7) — that the driveway on the Davinci Drive parcel does not violate the subdivision restrictions and denied injunctive relief to plaintiffs. Plaintiffs appeal.
Plaintiffs contend that Supreme Court erred by dismissing their complaint. Specifically, they challenge the court's determination that defendants did not violate the subdivision restrictions by installing a driveway through their Davinci Drive parcel and by not obtaining approval of the Architectural Control Committee (hereinafter the Committee) before constructing the driveway. Initially, "on a motion to dismiss, a court should construe the pleadings liberally, accept the allegations as true and afford [the nonmoving party] the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory" (Clearmont Prop., LLC v Eisner, 58 AD3d 1052, 1054 [3d Dept 2009] [internal quotation marks and citations omitted]). "When a party moves to dismiss the complaint in a declaratory [*2]judgment action, . . . [a] mere dismissal is not appropriate" (Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d 109, 112 [3d Dept 2020] [internal quotation marks and citations omitted]). "Where there are no questions of fact and the only issues presented are questions of law or statutory interpretation, the motion to dismiss should be treated as one seeking a declaration in the defendant's favor and treated accordingly" (id. [internal quotation marks, brackets and citations omitted]; see Sullivan v New York State Joint Commn. on Pub. Ethics, 207 AD3d 117, 124 [3d Dept 2022]).
As relevant here, "[t]he law favors free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 91 AD3d 1155, 1156 [3d Dept 2012] [internal quotation marks, brackets and citations omitted], lv denied 19 NY3d 802 [2012]; see Turner v Caesar, 291 AD2d 650, 651 [3d Dept 2002]). "Where the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted" (Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 91 AD3d at 1156 [internal quotation marks, brackets and citations omitted]; see Freedman v Kittle, 262 AD2d 909, 911 [3d Dept 1999]). The court is to enforce restrictions "only where the party seeking enforcement establishes their application by clear and convincing evidence" (Dever v DeVito, 84 AD3d 1539, 1542 [3d Dept 2011], lv dismissed 18 NY3d 864 [2012], lv denied 21 NY3d 861 [2013]; see Witter v Taggart, 78 NY2d 234, 237-238 [1991]).
As a preliminary matter, the subdivision restrictions do not address requirements for the installation of private driveways anywhere in the text. The relevant part of the subdivision restrictions provides that "[n]o lot in said subdivision shall be used for other than residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one single-family dwelling for occupancy by not more than one family with a size minimum (exclusive of garage) of 2500 square feet above basement level." Regarding the requirement to acquire the Committee's approval, the subdivision restrictions specifically provide that "[n]o building shall be erected, altered, placed or permitted to remain on any lot until the construction plans, specification and site plan showing the location of the structure upon the lot have been approved by [the Committee] as to quality of workmanship, materials, harmony of external design with existing structures, and as to location with respect to topography and finish grade elevation." Further, the subdivision restrictions provide that "[n]o fence, hedge, plantings or trees shall be erected, placed or altered along any lot line; especially in a manner that will now or in the future obstruct views of adjoining property owners, unless said fence, hedge, plantings or [*3]trees shall be approved by [the Committee]." Moreover, "[c]onstruction of any accessory structure shall be subject to requirements of the Town of Cortlandville, must be approved by [the Committee] and must conform to the requirements of location, workmanship and external design." Aside from the foregoing, the subdivision restrictions also address restrictions around, among other things, temporary structures, livestock and poultry, garbage, signs, nuisances, easements, swimming pools, timeline of construction, antennas and maintenance.
Given that the subdivision restrictions do not specifically address the issue of driveways despite addressing many other rather small details, to determine whether the subdivision restrictions apply to defendants' driveway we must analyze whether a driveway, installed for private use, falls under the "residential purpose" definition and whether such driveway should be considered an "accessory structure." Although the driveway itself is clearly not a place of residence, it is undisputed that the installation and the present use of the driveway are to allow access to defendants' private residence. Plaintiffs' description, in the complaint, of the driveway as a "roadway" or "public highway" such that it would violate the subdivision restrictions has not been established by clear and convincing evidence given that there is no evidence other than plaintiffs' mere speculation that defendants would be utilizing the driveway or either of their parcels for anything other than private residential purposes (see Dever v DeVito, 84 AD3d at 1542-1543; Freedman v Kittle, 262 AD2d at 911-912; compare Irish v Besten, 142 Misc 2d 183, 185-186 [Sup Ct, Columbia County 1989], affd 158 AD2d 867, 868 [3d Dept 1990]).
As to the issue of whether the driveway is an "accessory structure" such that approval by the Committee is required, Black's Law Dictionary defines structure as "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together" (Black's Law Dictionary [11th ed 2019], structure). The subdivision restrictions provide that no building shall be erected without the Committee's approval, immediately followed by the prohibition of the erection, placement or alteration of "fence[s], hedge[s], plantings or trees" without the Committee's approval. Further, the "construction of any accessory structures" is subject to the Committee's approval. Here, plaintiffs provide no clear and convincing evidence that the "accessory structure" is to be construed so broadly as to include driveways. When looking at the map of the subdivision, it is clearly visible that every parcel contains a driveway leading to a residence. Plaintiffs could have, but failed to, demonstrate, for example, that every driveway, including theirs, required the Committee's approval so as to buttress the enforcement of their understanding of the subdivision restrictions. Accordingly, plaintiffs have not established by [*4]clear and convincing evidence that the construction of defendants' driveway required approval by the Committee (see Dever v DeVito, 84 AD3d at 1542-1543; Freedman v Kittle, 262 AD2d at 911-912). Therefore, Supreme Court properly granted defendants' cross motion to dismiss the complaint (see Sullivan v New York State Joint Commn. on Pub. Ethics, 207 AD3d at 124; Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d at 112; Dever v DeVito, 84 AD3d at 1542-1543; Freedman v Kittle, 262 AD2d at 911-912). Finally, plaintiffs' contention that defendants' driveway also violates section three of the subdivision restrictions is unpreserved for our review as this argument was not raised before Supreme Court (see Matter of Mills v New York State Bd. of Elections, 207 AD3d 943, 946 [3d Dept 2022]).
Lynch, J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, with costs.