West Mtn. Assets LLC v Dobkowski (2024 NY Slip Op 02355)

West Mtn. Assets LLC v Dobkowski

2024 NY Slip Op 02355

Decided on May 2, 2024

Appellate Division, Third Department

Powers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

CV-23-0610

[*1]West Mountain Assets LLC, Appellant,
v
James Dobkowski et al., Respondents. (And a Third-Party Action.)

Calendar Date:February 13, 2024

Before: Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Malcolm B. O'Hara of counsel), for appellant.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for respondents.

Powers, J.
Appeal from that part of an order of the Supreme Court (Martin D. Auffredou, J.), entered March 7, 2023, in Warren County, which partially granted defendants' motion for summary judgment on their first and third counterclaims.
Plaintiff is the owner of a parcel of real property located in the Town of Queensbury, Warren County, which is part of the Northwest Village subdivision. Plaintiff's parcel is improved with a single-family residence which plaintiff utilizes as a short-term rental property through Airbnb, with stays ranging in duration from a few days to a couple of weeks. Defendants own an adjacent parcel where they reside full time. Both parcels abut a third parcel owned by plaintiff and defendants as cotenants on which is located a gravel access road providing access to their separate parcels. All parcels within the subdivision descend from a common grantor who imposed a number of restrictive covenants for the benefit of all grantees. Among other restrictions, permissible use of properties within the subdivision is limited to only single-family residential purposes.
Plaintiff commenced this action in December 2020 raising various claims based in allegations that defendants had interfered with its use and enjoyment of its property. Defendants answered and counterclaimed seeking, in relevant part, a declaratory judgment that plaintiff's use of its parcel for short-term rentals was in violation of the restrictive covenant and to enjoin that use. Defendants subsequently moved for summary judgment on this counterclaim, as well as another not germane to this appeal. Supreme Court partially granted summary judgment to defendants, declared that plaintiff's use of its parcel as a short-term rental property violated the restrictive covenant prohibiting all uses other than single-family residential and enjoined this improper use. Plaintiff appeals.
"The party seeking to enforce a restrictive covenant bears the burden of establishing its applicability by clear and convincing evidence" (Tedeschi v Hopper, 167 AD3d 1129, 1131 [3d Dept 2018] [citations omitted]; see Kumar v Franco, 211 AD3d 1437, 1439 [3d Dept 2022]). In addition, because the law favors the free and unencumbered use of real property, "courts must adopt the less restrictive interpretation when a restrictive covenant is equally susceptible of two interpretations" (County of Schuyler v Hetrick, 178 AD3d 1163, 1165 [3d Dept 2019]; see Ford v Rifenburg, 94 AD3d 1285, 1287 [3d Dept 2012]). As contained in both chains of title, the restriction sets forth that "[t]he land herein conveyed shall be used only for single family residential purposes." Among other prohibitions, "noxious, dangerous, offensive or unduly noisy" activities, as well as "manufacturing, commercial or mercantile service[s] or activit[ies]" are expressly prohibited within the subdivision. The types of permissible structures that may be built within the subdivision are also limited and the only signs that may be erected are[*2]"For Sale" or "For Rent" signs of a permissible size. Plaintiff does not dispute that it uses its parcel for short-term rentals; therefore, the question distills to whether defendants provided clear and convincing evidence in support of their motion for summary judgment that the restrictive covenant prohibits this use.
Though owners of properties within the subdivision are permitted to rent pursuant to the express language of the deed restrictions, the restrictive covenant limits the permissible use to only "single[-]family residential purposes." This phrase unambiguously directs that all properties within the subdivision must be used for only residential purposes, and, thus, any and all rentals must be to those who would utilize the property for residential purposes — i.e., as a residence. A residence is the location where an individual "actually lives" and is established by "[t]he act or fact of living in a given place for some time" (Black's Law Dictionary [11th ed 2019], residence). Although there is no express durational requirement, a stay in a short-term rental property does not meet this definition (cf. Turner v Caesar, 291 AD2d 650, 650-651 [3d Dept 2002]; but cf. Matter of Friedman v Town of Dunkirk, 221 AD3d 1581, 1582-1583 [4th Dept 2023]; Matter of Cradit v Southold Town Zoning Bd. of Appeals, 179 AD3d 1058, 1060 [2d Dept 2020]). Lodgers in short-term rental properties do not live on the premises but are instead on a short trip and often maintain a residence elsewhere where they "actually live[ ]" (Black's Law Dictionary [11th ed 2019], residence). This is true even though lodgers may have access to the entirety of the property and may use it in the same manner as a resident, including by cooking meals and sleeping as plaintiff highlighted.
Plaintiff's use of its parcel for short-term rentals does not fit the definition of a residence as is necessary to establish that the property is being used solely for residential purposes. Contrary to plaintiff's argument, this interpretation reflects the plain meaning of the terms of the restriction and does not "extend[ ] beyond the clear meaning of [its] terms" (Tedeschi v Hopper, 167 AD3d at 1131 [internal quotation marks and citation omitted]). Thus, defendants established the applicability of the restriction by clear and convincing evidence, and the burden shifted to plaintiff to raise a triable issue of fact in opposition, which its submissions failed to do (see Ford v Rifenburg, 94 AD3d at 1287; Irish v Besten, 158 AD2d 867, 868 [3d Dept 1990]; cf. Rugby Rd. Corp. v Doane Bldrs., Inc., 61 AD3d 1157, 1158 [3d Dept 2009]; compare Kumar v Franco, 211 AD3d at 1441; Dever v DeVito, 84 AD3d 1539, 1543 [3d Dept 2011], lv dismissed 18 NY3d 864 [2012], lv denied 21 NY3d 861 [2013]; Van Schaick v Trustees of Union Coll., 285 AD2d 859, 862 [3d Dept 2001], lv denied 97 NY2d 607 [2001]). Accordingly, Supreme Court properly granted summary judgment to defendants on their first counterclaim seeking enforcement [*3]of the restrictive covenant against plaintiff.
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.